Elmer H. THOMASSEN,
Plaintiff–Appellant,

v.

UNITED STATES of America, et al.,
Defendants–Appellees.

No. 85–6294.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 1987.

Decided Dec. 30, 1987.

Elmer H. Thomassen, Cal., pro. per.

Joan I. Oppenheimer, Asst. U.S. Atty., Washington, D.C., for defendants-appellees.

Before FERGUSON, HALL and WIGGINS, Circuit Judges.

FERGUSON, Circuit Judge:

Elmer Thomassen, appearing pro se, appeals the final judgment of the district court, entered July 26, 1985, dismissing his complaint for declaratory relief in the tax sale of his property. Thomassen also appeals from orders entered July 26, 1985, finding him in contempt for failure to pay attorney fees awarded to the United States, confining him for contempt, and denying separate motions to amend orders of the court dated May 6, 1985 ("the May 6 order"), and June 4, 1985 ("the June 4 order").

In the May 6 order the court granted attorney fees to the United States and denied Thomassen's motion to vacate the dismissal of his complaint. In the June 4 order, the court denied Thomassen's application for an extension of time in which to

appeal a collateral order issued by another district court judge, concerning disqualification of the judge assigned to the case. We affirm in part, reverse in part, and remand to the district court for further proceedings in accordance with this opinion.

## I.

This case has a complex and convoluted history. On October 24, 1984, Elmer H. Thomassen, proceeding pro per, filed a complaint seeking to enjoin the sale of his orange grove property in satisfaction of tax court judgments. Thomassen claimed that the minimum bid set by the government seriously undervalued the property. Thomassen also sought a declaration of his rights with respect to the property. At an initial hearing, the sale was continued for approximately one month to permit further filing by Thomassen. The sale eventually took place on November 16, 1984, without any further action by Thomassen.

On January 14, 1985, the government moved to dismiss the complaint as moot. The motion was granted on January 21, 1985, and entered the following day. Thereafter, on February 1, 1985, Thomassen filed a motion to vacate the dismissal pursuant to Fed.R.Civ.P. 59(e) on the ground that the court had dismissed the complaint before Thomassen's time for filing a response had expired and on the ground that the court had failed to hold a hearing. Thomassen also sought to disqualify the district court judge from deciding the motion.[1] The judge denied the motion to vacate the dismissal and granted attorney fees in the amount of $500 to the

government on March 4, 1985. The order was entered May 7, 1985.[2]

Thomassen moved to alter or amend the attorney fee award on May 17, 1985. This motion was heard July 15 and denial entered July 26, 1985. Thomassen also was found in contempt of court for failing to pay the attorney fees awarded to the United States and was ordered confined. Thomassen was confined for two days and was released upon payment of $500 which he allegedly borrowed from his daughter.

## II.

On appeal, Thomassen makes the following arguments. First, Thomassen contends that the district judge violated his right to due process by dismissing his complaint prior to the running of the ten-day period during which he was entitled to file an opposition to the motion to dismiss. Second, Thomassen claims that the May 6 order imposing attorney fees was erroneous because the government's attorney fees were incurred as a result of the district court error. The court awarded the $500 fee to the government because it concluded that Thomassen had no support for his motion to vacate the dismissal of his complaint. Thomassen asserts, however, that he did not litigate in bad faith because he made a colorable claim of clear error in his motion: the court dismissed his complaint before his time for responding had expired. Third, Thomassen argues that the district court erred in confining him for contempt because the court should not have ordered him to pay the attorney fees. Finally, Thomassen challenges the denial of his motion to disqualify the judge and claims that the

1. The motion to disqualify was assigned to another district court judge. The judge denied the motion on March 4, 1985 and the decision was entered on the docket sheet on March 5. That decision did not become final, however, because Thomassen filed a timely Rule 59(e) motion to amend the judgment on March 15. The judge denied the motion to amend on April 1, 1985. This decision was entered (out of chronological order) on April 1. Thomassen attempted to file a notice of appeal (dated May 31) from this decision. His notice of appeal was lodged on June 3. Because the notice of appeal was prima facie untimely, Thomassen also filed on June 3 an application for extending time, which was

denied on June 4. Thomassen moved to amend this order on June 14 on the ground that the docket entry from which the time for appeal was calculated had been backdated. This motion was denied on July 15.

2. In the meantime, on May 3, 1985, Thomassen filed a notice of appeal from the oral order, entered in the docket as a minute order, issued on March 4. This appeal was eventually dismissed by the Clerk of the Court pursuant to Rule 19(b) of the Rules of the Ninth Circuit on March 22, 1986.

judge erred by continuing to hear motions while the disqualification motion was pending.

The government argues that the appeal on the issues involving contempt is moot for lack of a live controversy. The government contends that the appeal of the other orders is barred for lack of jurisdiction.

## III.

■ A primary issue is whether we have jurisdiction to consider Thomassen's claims. We limit our jurisdictional inquiry here to the claims other than those relating to and arising out of the contempt of court charge.

The government asserts that we lack jurisdiction because, on May 3, 1985, Thomassen filed a notice of appeal of the court's minute order, issued March 4, 1985, and this appeal was dismissed by the Clerk of the Court for failure to prosecute on March 22, 1986. *See* 9th Cir.R. 19(b).

Although Thomassen filed a notice of appeal on May 3, 1985, the district court did not enter its final order and judgment until May 7, 1985. Thereafter, Thomassen filed a timely motion to amend on May 17, 1985, pursuant to Fed.R.Civ.P. 59. Under the Federal Rules of Appellate Procedure, when a motion timely served under Rule 59 is filed, the time for appeal from the original order runs from the entry of the order denying or granting such motion. *See* Fed. R.App.P. 4(a)(4). Rule 4(a)(4) states that a "notice of appeal filed before the disposition of [the Rule 59 motion] shall have no effect." Thus, because Thomassen filed a Rule 59 motion on May 17, following the court's entry of judgment on May 7, he was justified in abandoning his notice of appeal filed May 3, 1985. Thomassen preserved the issues he sought to appeal on May 3, 1985, by timely filing a new notice of appeal after the court issued the order disposing of his Rule 59 motion on July 26, 1986. We conclude, therefore, that this court has jurisdiction.

## IV.

■ Thomassen contends that the district court deprived him of due process when it dismissed his complaint before the time for answering the government's motion to dismiss had expired. We agree with Thomassen that the district court erred but we do not find the error to be of constitutional magnitude.

The United States served its motion to dismiss Thomassen's complaint by mail on January 14, 1985. The district court granted the motion before Thomassen responded, and dismissed the complaint with prejudice. The order was signed January 21, and entered January 22. The district court erred because it was obliged to allow Thomassen ten days in which to file an opposition to the government's motion to dismiss, since service of the motion was by mail. C.D.Cal.R. 7.6; Fed.R.Civ.P. 6(e). The order was signed January 21, only seven days following the date of service by mail.

■ Despite the court's error, Thomassen was not deprived of due process. Thomassen filed a motion to alter the order on February 1, 1985. *See* Fed.R.Civ.P. 59(e). The motion provided Thomassen with the opportunity to have the court consider any prejudice to him resulting from the premature dismissal. *See Lien Ho Hsing Steel Enter. Co. v. Weihtag,* 738 F.2d 1455, 1461 (9th Cir.1984) (no due process deprivation where plaintiff did not have an initial hearing before the judge who dismissed, but later had and took advantage of an opportunity to be heard by that judge in an opposition to a motion).

■ Because Thomassen had an opportunity to challenge the original dismissal, we find that he was not deprived of due process. We do, however, review the district court's denial of Thomassen's 59(e) motion for abuse of discretion. *See Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). Thomassen presented no reasons why he believed that the complaint was improperly dismissed and why vacation of the dismissal was appropriate on the merits. He merely relied on procedural error.

The district court examines a claim of error in accordance with Fed.R.Civ.P. 61, which states:

No error ... in anything done or omitted by the court ... is ground for ... vacating ... a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Because Thomassen failed to allege how his rights may have been affected, the court did not abuse its discretion when it concluded that any error it made did not affect Thomassen's substantial rights.

Further, we find that any argument Thomassen may have made to the court would have been insufficient to justify vacating the dismissal. Thomassen already had an opportunity to enjoin the sale, but he inexplicably waived that opportunity. We recognize that he may have opposed the dismissal of his complaint in an effort to secure a declaratory judgment that the value of his property was greater than the minimum bid, and in an attempt to overturn the sale. However, a judicial sale ordinarily will not be overturned for inadequacy of price alone. *See Citibank N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 339 (5th Cir.1981).

## V.

■ Thomassen also claims that the May 6 order imposing attorney fees was erroneous because the government's attorney fees were incurred as a result of the district court's error. The court awarded the $500 attorney fees when it concluded that Thomassen had no support for his motion to vacate the dismissal of his complaint. We review an award of attorney fees for abuse of discretion. *See Beaudry Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751, 756 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986).

■ We disagree with the district court's conclusion that Thomassen had no support for his motion to vacate the dismissal of his complaint. Thomassen did not litigate in bad faith when he raised a colorable claim of clear error in his motion. Thomassen

rightfully alleged that the court dismissed his complaint prior to the expiration of his response time. Although we agree that on the merits of the case Thomassen was not prejudiced by the early dismissal and later denial of the Rule 59(e) motion, the court should not have required Thomassen to pay the government's attorney fees incurred in responding to the motion. Thomassen legitimately contested that error and was then forced to pay attorney fees for so doing. We conclude that the court abused its discretion in ordering Thomassen to pay the attorney fees. We therefore reverse the order.

## VI.

Thomassen also claims that the district court erred when it found him in contempt of court and confined him to compel him to pay the attorney fee award. The government argues that the contempt issue is moot because Thomassen purged the contempt by paying the $500 fee.

■ Ordinarily, orders of civil contempt are nonappealable. *SEC v. Elmas Trading Corp.*, 824 F.2d 732, 732 (9th Cir. 1987). A party may appeal a contempt issue, however, as part of any appeal from the final judgment. *Union of Professional Airmen v. Alaska Aeronautical Indus., Inc.*, 625 F.2d 881, 883 (9th Cir.1980). Thus, Thomassen is able to appeal the contempt issue because it is part of his appeal from the final judgment.

■ We recognize also that the purging of the contempt ordinarily renders the controversy moot. *In re Campbell*, 628 F.2d 1260, 1261 (9th Cir.1980). "A long line of precedent holds that once a civil contempt order is purged, no live case or controversy remains for adjudication." *Id.* (citations omitted). This doctrine stems from the fact that in most instances the court has no remedy to afford the party contesting the now purged contempt. Thomassen, however, seeks the return of the attorney fee award he was forced to pay to secure his release from prison. Hence, we are presented with a live controversy which is inextricably intertwined with the con-

tempt issue and we are capable of providing relief. *See McDonald's Corp. v. Victory Invs.*, 727 F.2d 82, 85 (3d Cir.1984) (contempt issue held moot but only after court concluded that contemner complied with all aspects of the contempt order and did not challenge the validity of the underlying order to pay the counsel fee). We therefore reach the merits of Thomassen's complaint concerning the contempt order.

 We next address the issues of whether the court erred in holding Thomassen in contempt of court and whether it erred in confining him for contempt. The resolution of these issues depends on our disposition of the attorney fee award. By concluding, as we have above, that the attorney fee award was reversible error, the contempt order naturally falls because it is predicated on the failure to comply with the order to pay attorney fees. Thomassen is entitled to the return of the $500 fee.

### VII

Finally, Thomassen contends that the judge should have been disqualified for personal bias.[3] The district court's decision not to disqualify a judge may only be reversed for abuse of discretion. *Arizona Past & Future Found, Inc. v. Lewis*, 722 F.2d 1423, 1430 (9th Cir.1983). In order to prevail on a motion to disqualify a judge, the party filing the motion must show extrajudicial bias or prejudice. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1383 (9th Cir.1984). We agree with the district court judge that was assigned to the motion that Thomassen failed to establish prejudice or bias. Accordingly, disqualification was not warranted and the judge whom Thomassen sought

---

3. We have jurisdiction to consider this claim despite the fact that Thomassen filed an untimely appeal from the order denying disqualification. The order denying disqualification is not an appealable interlocutory order. *United States v. Washington*, 573 F.2d 1121, 1122 (9th Cir.1978). Thomassen's notice of appeal was therefore a nullity. However, pursuant to Federal Rule of Appellate Procedure 3(b) we can

to remove did not err by continuing to hear motions while the disqualification motion was pending.

For the foregoing reasons, we AFFIRM in part, REVERSE in part, and REMAND to the district court. Each party shall bear its own costs.

consolidate the disqualification order with the appeal from the final judgment. *Id.* at 1123 (disqualification order reviewable where it has a bearing on appealable order, where it has been properly argued as grounds for reversal, and where proceedings relating to the questioned disqualification are reflected in the record).