967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie Arthur GAINES, Petitioner-Appellant,
v.
Timothy B. HUGHES; Richard K. Rainey, Respondents-Appellees.
 No. 91-15695.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Arthur Gaines, a California state prisoner, appeals pro se the district's dismissal of his civil rights action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). The district court dismissed the action on the first day of trial on the ground that Gaines was belligerent and refused to proceed to trial. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand.
 
 
 3
 We review a district court's dismissal of an action for failure to prosecute for abuse of discretion. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.' " Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).
 
 
 4
 Here, Gaines brought a 42 U.S.C. § 1983 action against prison officials alleging that his constitutional rights were violated when defendant Hughes slammed an iron door on his head and when he was placed in administrative segregation. The district court granted summary judgment in favor of defendants and Gaines appealed. We affirmed the summary judgment on the due process claim, but reversed on the beating claim because triable issues of fact remained for trial. On remand, on February 23, 1990, the district court ordered both parties to file cross-motions for summary judgment. Both parties filed cross-motions for summary judgment and oppositions, and on August 13, 1990, the court denied both motions because triable issues of fact remained for trial.
 
 
 5
 On April 15, 1991, the case was called for trial, both parties appeared, and Gaines requested a jury trial. On April 16, 1991, the case was called and the district court advised Gaines, who was appearing pro se, of what to expect at trial. Before the court called the jury in, Gaines asked the court questions about the cross-motions for summary judgment.[1] Apparently, Gaines was confused as to why trial was necessary after both parties had filed cross-motions for summary judgment and the court had indicated it would rule solely on the papers. The court responded, "[t]his is a case that has to be decided on testimony. Paperwork is not going to decide this case." Gaines apparently remained confused and asked why the court had requested cross-motions for summary judgment. The court refused to answer any more questions and asked Gaines if he was ready to proceed to trial. Gaines at first said no and continued to ask questions. The court refused to answer, told Gaines his motion was denied, and asked if he was ready to proceed. Gaines responded that he was ready after the court answered his question. The exchange continued in this vein for a total of three pages in the reporter's transcript. The judge then stated, "I'm not fooling around with you. Your case stands dismissed. You can appeal it to the Ninth Circuit." The court ordered the action dismissed with prejudice for lack of prosecution.
 
 
 6
 The district court abused its discretion by dismissing Gaines's action for lack of prosecution. See West Coast, 897 F.2d at 1523. The record shows that Gaines had been diligently prosecuting his action throughout the proceedings. The district court failed to warn Gaines that it was considering dismissal or explore less drastic sanctions. See id. Further, public policy in favor of dispositions on the merits weighs against dismissal. See id. The other Carey factors are not sufficient to warrant dismissal in this case. See 856 F.2d at 1440.[2] Accordingly, we reverse and remand for further proceedings.[3]
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gaines also asked the judge about the previous day's discussion regarding his request for a jury trial and his motion to recuse the judge
 
 
 [2]
 Although Gaines may have become belligerent, he seems to have been genuinely confused, and the district court refused to answer his questions. Further, Gaines repeatedly responded that he was ready to proceed as soon as the district court answered his questions. Under these circumstances, a brief discussion may have been sufficient to clear up the confusion
 
 
 [3]
 Gaines also appeals the district court's denial of his recusal motion. Gaines failed to show any extrajudicial source of bias, but based his motion on the district court's treatment of his case. This is insufficient to support a motion for recusal. See Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987). Thus, the district court did not abuse its discretion by denying Gaines's motion for recusal. See id