967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathryn M. ALVES; Myrna D. Thomsen; C.T. Kiely; William
D. Rippy, Plaintiffs-Appellants,
v.
UNITED STATES DISTRICT COURT FOR the EASTERN DISTRICT OF
CALIFORNIA-FRESNO, Appellee,
Ticor Title Insurance Company, et al., Defendant.
 No. 90-15916.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 2, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kathryn M. Alves, Myrna D. Thomsen, Carmel T. Kiely, and William D. Rippy appeal pro se the district court's order finding them in contempt and ordering them incarcerated for failure to pay sanctions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We dismiss this appeal as moot.
 
 
 3
 Appellants filed this action in 1985 against over 100 defendants alleging claims under the Racketeering Influence and Corrupt Organization Act (RICO) 18 U.S.C. §§ 1961-68, the Hobbs Act, 18 U.S.C. § 1951, and the Civil Rights Act, 42 U.S.C. §§ 1981-83, 1985-86. The district court found that the action was barred by res judicata based on a previous, virtually identical action. The district court also imposed sanctions in the amount of $1,000 against each of the appellants. The judgment was appealed, and we affirmed. Landi v. Ticor Title Ins. Co., Nos. 86-1563, 86-1745, 86-1778, memorandum disposition (9th Cir. May 18, 1989).
 
 
 4
 On February 22, 1990, the district court issued an order to show cause why appellants should not be held in contempt for failure to pay sanctions as ordered by the court on February 21, 1986. A hearing was held on March 26, 1990, and appellants appeared. Appellants refused to pay sanctions or to show cause why they should not be held in contempt. The district court ordered each of them "incarcerated until such time as he or she decides whether to proceed with this matter and show cause as ordered by the court." On March 27, 1990, appellants paid the sanctions and were released from custody.
 
 
 5
 A district court's post-judgment contempt order is a final, appealable order. Davies v. Grossmont Union High School Dist., 930 F.2d 1390, 1393 (9th Cir.), cert. denied, 111 S.Ct. 2892 (1991). Compliance with a contempt order, however, renders the appeal moot because the appellate court is left with no remedy to afford the appellant. Id. at 1394; Thomassen v. United States, 835 F.2d 727, 731 (9th Cir.1987). There is an exception to this general rule: where compliance does not prevent this court from fashioning adequate relief, a live controversy exists and the appeal is not moot. Davies, 930 F.2d at 1394; Thomassen, 835 F.2d at 731 (where appellant sought return of fees which he was forced to pay to secure release from prison on contempt order, there was a live controversy and appeal was not moot).
 
 
 6
 Here, appellants complied with the contempt order by paying $1,000 each to secure their release from custody. On appeal, appellants do not seek return of the fees paid to secure their release.[1] Further, they cannot contest the validity of the underlying judgment imposing sanctions at this point in the proceedings because this court already affirmed the district court's judgment, including the imposition of sanctions. See Landi v. Ticor, Nos. 86-1563, 86-1745, 86-1778. Thus, there is no longer a live controversy and we cannot grant effective relief. See Davies, 930 F.2d at 1394; Thomassen, 835 F.2d at 731. Accordingly, we dismiss this appeal as moot. See Davies, 930 F.2d at 1394.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants contend (1) that the incarceration order was not proper because the order to show cause did not provide notice that they would be incarcerated for failure to comply and (2) the contempt order was barred by the statute of limitations