977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary W. HIRSCH, Petitioner-Appellant,
v.
DISTRICT COURT OF JOSEPHINE COUNTY, Respondent-Appellee.
 No. 91-36185.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 21, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary W. Hirsch appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to state a claim. We review de novo, Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989), and affirm.
 
 
 3
 In his petition, Hirsch alleged that the District Court of Josephine County, Oregon, had unlawfully restrained his liberty when it ordered him to report to the county jail to be fingerprinted and photographed in connection with several traffic citations Hirsch had received. The district court dismissed the petition, finding that Hirsch had failed to allege he was in custody for purposes of 28 U.S.C. § 2254 and that he had failed to exhaust his state remedies.
 
 
 4
 It is a statutory jurisdictional prerequisite that a habeas corpus petitioner be in custody at the time he files his habeas petition. 28 U.S.C. § 2254; Carafas v. LaVallee, 391 U.S. 234, 238 (1968). The Supreme Court has interpreted the statutory language of section 2254 as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. Maleng v. Cook, 490 U.S. 488, 490 (1989). "While we have very liberally construed the 'in custody' requirement ..., we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." Id.
 
 
 5
 Here, Hirsch argues that he was unlawfully restrained when the state court instructed him to report to the county jail for booking and later to appear for trial. Because Hirsch does not challenge any conviction or sentence which has caused him to be put into custody or otherwise deprived of liberty, the district court properly dismissed the habeas petition for failure to state a claim. See id.[1]
 
 
 6
 Hirsch also contends that the district court judge was biased against him and therefore should have been recused. This contention is meritless. A party must show extrajudicial bias or prejudice when seeking disqualification of a district court judge. Thommassen v. United States, 835 F.2d 727, 732 (9th Cir.1987). Hirsch presents no facts to support this contention, and argues only that the district judge was biased because he dismissed a prior action brought by Hirsch.
 
 
 7
 The district court properly denied Hirsch's request to stay the state court proceedings. In most circumstances, federal courts are prevented from interfering with criminal proceedings in state court. See Younger v. Harris, 401 U.S. 37, 46 (1971). Here, Hirsch has not alleged any circumstances which would justify a departure from the general rule against federal intervention in state court criminal proceedings. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold the district court properly dismissed the petition for failure to state a claim, we do not reach the issue of whether petitioner failed to exhaust his state remedies