980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rudy CARRILLO, Sr., Petitioner-Appellant,
v.
Ira REINER, Respondent-Appellee.
 No. 92-55115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1992.*
Decided Dec. 2, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudy Carrillo, Sr. timely appeals pro se the district court's denial of his petition for writ of habeas corpus challenging his conviction for resisting arrest. We affirm the district court.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 Carrillo was tried before a jury and convicted of resisting arrest in violation of Cal.Penal Code § 148. He was placed on probation with the condition that he spend the first 210 days in the county jail.
 
 
 4
 Carrillo maintained that he was provoked by the arresting officer and acted in self defense. At trial, Carrillo and his sister Rosie Carrillo (a codefendant) testified to a pattern of police harassment by the arresting officer, including the killing of Carrillo's son. Three other witnesses, two family members and a friend of the family, testified regarding the arresting officer's history of harassment of the Carrillo family. One other witness testified regarding the officer's abusive behavior toward her son. Carrillo sought to introduce the testimony of nine other witnesses concerning the officer's history of harassment and abusive behavior. However, the trial court excluded this evidence based on Cal.Evid.Code § 352.
 
 
 5
 Carrillo filed a petition for writ of habeas corpus in the United States District Court for the Central District of California in which he claimed that the trial court's exclusion of evidence of the arresting officer's history of harassment and abuse deprived him of his due process rights to a fair trial. A magistrate judge recommended that the petition be denied. Carrillo filed objections to the magistrate judge's findings and recommendations and a motion under 28 U.S.C. § 144 to disqualify the magistrate judge. Carrillo's motion to disqualify was denied, and the district court adopted the magistrate judge's findings and recommendations and dismissed the petition.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 6
 The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 2254. This court has jurisdiction over Carrillo's appeal pursuant to 28 U.S.C. § 2253.
 
 
 7
 The decision whether to grant or deny a petition for writ of habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc). A district judge's refusal to disqualify the sitting judge under 28 U.S.C. § 144 may be reversed only for abuse of discretion. Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987).
 
 III.
 DISCUSSION
 A. Claim for Federal Habeas Relief
 
 8
 The rule applicable to appellant's claim is clear. "Incorrect state court evidentiary rulings cannot serve as a basis for habeas relief unless federal constitutional rights are affected." Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), (quoting Lincoln v. Sunn, 807 F.2d 805, 816 (9th Cir.1987), cert. denied, 111 S.Ct. 974 (1991). The state court's decision to exclude certain evidence must be so prejudicial that defendant's due process rights are jeopardized. Tinsley, 895 F.2d at 530.
 
 
 9
 To determine whether the exclusion of evidence reaches constitutional proportions, the court considers five factors: "(1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense." Id. We then balance the importance of the evidence against the state interest in exclusion. Id.
 
 
 10
 Applying this test, the court concludes that the exclusion of the supplemental testimony of the nine witnesses did not violate Carrillo's due process rights. First, the probative value and the reliability of the proffered evidence were doubtful since the testimony of 8 of the 9 witnesses concerned the arresting officer's conduct toward themselves rather than the Carrillo family. Moreover, the proffered testimony was cumulative. Carrillo and his sister both testified to a pattern of harassment directed at their family by the arresting officer. In addition, four other witnesses testified regarding the officer's history of harassment. Thus, while the proffered testimony may have concerned a major part of Carrillo's defense, six other witnesses had already given testimony of a similar nature. Only one factor clearly weighs in Carrillo's favor: the proffered evidence was capable of evaluation by the trier of fact.
 
 
 11
 In contrast, the state had a significant interest in excluding this evidence which was cumulative and whose probative value was likely outweighed by its potential prejudice. See Tinsley, 895 F.2d at 531.
 
 
 12
 Therefore, the district court properly dismissed Carrillo's petition for writ of habeas corpus.
 
 B. Disqualification of the Magistrate Judge
 
 13
 Carrillo claims the district court erred in denying his motion to disqualify because the magistrate was biased against Latinos and pro se litigants.
 
 
 14
 28 U.S.C. § 144 requires that a party state the facts and reasons for the belief that bias or prejudice exists. Moreover, in order to state a case for recusal, a party must allege bias or prejudice stemming from an extrajudicial source. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 110 S.Ct. 3237 (1990).
 
 
 15
 Here, Carrillo simply asserted that the magistrate judge had a "pro-police/pro-government bias" and was biased and prejudiced against him, as well as against Latinos and anyone appearing pro se. He offered no facts or reasons for his assertions, nor did he point to an extrajudicial source for any bias. Thus, we conclude that the district court properly denied Carrillo's motion to disqualify the magistrate judge. See 28 U.S.C. § 144; Hernandez-Escarsega, 886 F.2d at 1581.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3