24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES ex rel., SEQUOIA ORANGE CO., Plaintiff-Appellant,
v.
SUNKIST GROWERS, INC., Defendant-Appellee,
and
Baird-Neese Packing Corporation, Defendant.
 No. 92-16821.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 17, 1993.
Decided April 18, 1994.
 
 Before: POOLE, BEEZER, and KLEINFELD, Circuit Judges.
 MEMORANDUM*
 Sequoia Orange Company and its attorneys, James Moody and Brian Leighton, appeal the district court's order finding them in contempt for violating a stipulated protective order. We remand this case to the district court for reconsideration in light of Go-Video, Inc. v. The Motion Picture Association of America, 10 F.3d (9th Cir.1993).
 * In January 1989, Sequoia Orange Company brought 13 separate actions pursuant to the False Claims Act, 31 U.S.C. Sec. 3729, against Sunkist Growers, Inc. and 13 of its affiliated member packinghouses ("the Orange Cases"). The parties stipulated to "voluntary" protective orders for each of the 13 cases. Each order provided that "[a]ll Discovery Materials produced during this action shall be used only for the purposes of preparation for, and use at, the trial or pre-trial motions of this action." The orders also required counsel to provide 15 days' notice before disclosing discovery materials to the Department of Justice or to any persons other than any "counsel of record."
 The documents Sequoia received from the orange buyers allegedly contained information that Sunkist and four lemon packinghouses had filed false claims with the Lemon Administrative Committee. Sequoia therefore filed, under seal, four complaints against Sunkist and the four lemon packinghouses pursuant to the False Claims Act ("the Lemon Cases"). Sequoia also provided attorneys from the Department of Justice with copies of the discovered documents without giving Sunkist 15 days' notice of its intent to do so.
 
 
 1
 Sunkist moved to hold Sequoia and its attorneys in contempt for violating the protective order by using the discovered documents to file new claims, and by providing information to government attorneys without first giving notice. The district court granted the motion. It ordered Sequoia and its attorneys to pay Sunkist's attorneys' fees and precluded Sequoia from acting as a relator in the Lemon Cases.
 
 II
 
 2
 Sunkist argues that the civil contempt sanctions imposed against Sequoia, Moody, and Leighton are not appealable before entry of final judgment, and that we therefore lack jurisdiction under 28 U.S.C. Sec. 1291 to consider this interlocutory appeal.
 
 
 3
 The attorneys' fees sanction was imposed against both Sequoia and its attorneys. Contempt orders against a party and its attorneys are generally not appealable prior to the entry of final judgment. Riverhead Sav. Bank v. National Mortgage Equity Corp., 893 F.2d 1109, 1113 (9th Cir.1990). Because the sanction must be paid immediately, however, it is immediately appealable under the collateral order doctrine. Id. at 1114; see Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1947).
 
 
 4
 The sanction prohibiting Sequoia from acting as a relator in the Lemon Cases or from sharing in any recovery in those cases is against Sequoia alone. Civil contempt sanctions entered solely against a party ordinarily may not be appealed prior to final judgment. Thomassen v. United States, 835 F.2d 727, 731 (9th Cir.1987). The sanctions against Sequoia, however, also fit within the "small class" of decisions excepted from the final-judgment rule by the collateral order doctrine.
 
 
 5
 The contempt order underlying the prohibitory sanction is enforceable immediately and resolves an issue completely separate from the merits of the Orange Cases under which they were imposed. See Coopers & Lybrand, 437 U.S. 463, 468 (1978). The order is also effectively unreviewable on appeal. See id. at 468. If Sequoia is forced to wait until final judgment to appeal the contempt order, it may be too late for Sequoia to benefit from a decision holding the order invalid. The contempt sanction denies Sequoia standing to challenge any proceedings in the Lemon Cases and limits Sequoia's qui tam plaintiff recovery in those cases by prohibiting it from "substantially contribut[ing] to the prosecution of the action[s]." See 31 U.S.C. Sec. 3730(d).
 
 
 6
 Sequoia would be irreparably harmed by postponing appeal until final judgment. See Riverhead Savings Bank, 893 F.2d at 1114. We have jurisdiction over this interlocutory appeal.
 
 III
 
 7
 Appellants argue that the district court erred in holding them in contempt for violating the protective order. When the district court made its findings of contempt and imposed sanctions, it did not have the benefit of our recent decision in Go-Video, Inc. v. The Motion Picture Association of America, 10 F.2d 693 (9th Cir.1993). We therefore remand this case to the district court for reconsideration in light of Go-Video.
 
 IV
 
 8
 Because we are remanding this case to the district court for reconsideration of the contempt order and sanctions, we need not consider appellants' other arguments.
 
 
 9
 REMANDED FOR RECONSIDERATION.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3