145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shong-Ching TONG, Plaintiff-Appellant,
v.
James W. MCMAHON; Joseph Reichmann; United States of
America, Defendants-Appellees.
 No. 97-55623.
D.C. No. CV-95-6673-R.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 Appeal from the United States District Court for the Central District of California Manuel L. Real, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shong-Ching Tong appeals pro se the district court's order dismissing six consolidated civil rights actions pursuant to Fed.R.Civ.P. 12(b)(6). Tong also appeals the district court's imposition of a vexatious litigant order. We have jurisdiction under 28 U.S.C. § 1291. We review the Fed.R.Civ.P. 12(b)(6) dismissal de novo, see Mullis v. United States Bankr.Court, 828 F.2d 1385, 1388 (9th Cir.1987), and the vexatious litigant order for an abuse of discretion, see Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990). We affirm.
 
 
 3
 The district court properly dismissed Tong's claims against the municipal court judge and the municipal court commissioner because these defendants are entitled to absolute immunity. See Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir.1995) (per curiam); Mullis, 828 F.2d at 1390.
 
 
 4
 The district court did not abuse its discretion by imposing a vexatious litigant order. The district court provided Tong with notice and an opportunity to oppose the order, developed a listing of Tong's numerous frivolous and harassing case filings, and narrowly tailored the order by preventing future filings without district court permission based on the same subject matter involved in Tong's previous filings. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990). We also reject Tong's contention that the district court abused its discretion in CV-96-8467 by enjoining any further filings until pending matters were determined.
 
 
 5
 The district court did not abuse its discretion by denying Tong's motion to disqualify the district judge. See Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987).
 
 
 6
 We do not address Tong's contentions regarding Tong v. Garcia, No. CV-97-0906 (C.D.Cal. Mar. 21, 1997), because they were addressed in Tong v. Garcia, No. 97-55550, unpublished memorandum disposition (9th Cir. Apr. 22, 1998). We also do not address Tong's contention that the district judge violated Tong's constitutional rights by issuing a warrant for his arrest as that issue is not properly before us. Tong's remaining contentions lack merit.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3