**COLUMBIA SNAKE RIVER IRRIGATORS ASSOCIATION, Plaintiff—Appellant,**

**and**

**Eastern Oregon Irrigators Association, Plaintiff,**

**v.**

**Carlos M. GUTIERREZ,\* in his official capacity as Secretary of Commerce; et al., Defendants—Appellees.**

No. 04–35669.

D.C. No. CV–03–01341–RE.

United States Court of Appeals, Ninth Circuit.

---

\* Carlos M. Gutierrez, Secretary of Commerce, is substituted for his predecessor, Donald L. Evans.

Submitted Nov. 16, 2005.**

Decided Nov. 18, 2005.

James L. Buchal, Murphy & Buchal, LLP, Portland, OR, for Plaintiff–Appellant and Plaintiff.

Andrew C. Mergen, Fred R. Disheroon, Esq., David C. Shilton, U.S. Department of Justice Environment & Natural Resources Division, Washington, DC, Stephen J. Odell, Office of the U.S. Attorney Mark O. Hatfield U.S. Courthouse, Portland, OR, for Defendant–Appellant.

** This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before KLEINFELD and GRABER, Circuit Judges, and MOSKOWITZ,*** District Judge.

MEMORANDUM****

Plaintiff Columbia Snake River Irrigators Association sued Defendants Secretary of Commerce, National Oceanic and Atmospheric Administration ("NOAA") Fisheries, and the Regional Director of NOAA Fisheries, challenging a 2000 biological opinion ("BiOp") related to the Federal Columbia River Power System. Earlier, the National Wildlife Federation ("NWF") had sued the same defendants challenging the same 2000 BiOp. In this appeal, Plaintiff disputes three rulings of the district court. We dismiss for lack of jurisdiction.

■ 1. The district court stayed Plaintiff's action until Defendants issued a revised BiOp in accordance with the court's remand in the *NWF* case. In 2004 Defendants issued a replacement document, the 2004 BiOp. Upon its issuance the stay order expired by its own terms. Therefore, Plaintiff's appeal of the stay order is moot; now that the stay has ended, no further relief is possible on that issue. *See Gator. Com Corp. v. L.L. Bean, Inc.,* 398 F.3d 1125, 1128–29 (9th Cir.2005) (en banc) (holding that Article III requires a live controversy at every stage of litigation).

■ 2. The district court also denied Plaintiff's motion to consolidate this case with the *NWF* case. Plaintiff's appeal of that issue, too, is moot. In 2005 Plaintiff filed a new action—not involved in this appeal—challenging the 2004 BiOp. That new action has been consolidated with the *NWF* litigation in the district court. Because the only extant BiOp is the 2004 BiOp, and because Plaintiff's action to challenge it has been consolidated pursuant to Plaintiff's request, no further relief is available. *See Am. Rivers v. Nat'l Marine Fisheries Serv.,* 126 F.3d 1118, 1124 (9th Cir.1997) (holding that the issuance of a superseding BiOp moots a challenge to the prior BiOp); *Idaho Dep't of Fish & Game v. Nat'l Marine Fisheries Serv.,* 56 F.3d 1071, 1075 (9th Cir.1995) (same).

■ 3. Finally, the district court refused (through a different judge who heard the motion) to disqualify Judge Redden from presiding over this case. The denial of a disqualification motion is an interlocutory order and thus is not appealable. *Thomassen v. United States,* 835 F.2d 727, 732 n. 3 (9th Cir.1987).

■ 4. In the alternative, Plaintiff asks us to issue a writ of mandamus under 28 U.S.C. § 1651 to require Judge Redden's disqualification. Applying the factors from *Bauman v. United States District Court,* 557 F.2d 650, 654–55 (9th Cir. 1977), we deny Plaintiff's alternative request. At least three of the *Bauman* factors counsel strongly against mandamus relief. The first factor (no alternative means for review) is not met because Plaintiff will have an opportunity, on direct appeal of its second action, to challenge the court's ruling in the context of the case involving the 2004 BiOp. The third factor (clear error as a matter of law) is not met because opinions formed by a judge on the basis of the proceedings themselves are

*** The Honorable Barry Ted Moskowitz, United States District Court Judge for the Southern District of California, sitting by designation.

**664**

not improper bias, and the record does not clearly demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). The fifth factor (new, important issue of first impression) is not met because the procedures and standards for disqualification on account of judicial bias are well-established.

APPEAL DISMISSED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.