NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:   CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION, <br><br> _____ <br><br> DANIEL J HERBISON, <br><br>        Plaintiff - Appellant, <br><br>   v. <br><br> CHASE BANK USA, N.A., <br><br>        Defendant - Appellee. | No. 13-15637 <br><br> D.C. No. 3:09-md-02032-MMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Submitted June 10, 2015[**]
San Francisco, California

Before: SILVERMAN, GOULD, and HURWITZ, Circuit Judges.

Daniel Herbison was held in civil contempt by the district court for violating

an order approving a class action settlement.   He appeals from the contempt finding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

and the award of attorneys' fees to Defendant Chase Bank, USA, N.A. We affirm the fee award, but dismiss the appeal from the contempt finding for lack of appellate jurisdiction.

1. Chase argues that we lack jurisdiction to review the fee award because the stipulated order fixing the fee amount was not mentioned in the notice of appeal. But the decision to impose fees was explained in the earlier contempt order, which is named in the notice of appeal, and Herbison challenged the fee award in his opening brief. Chase therefore had adequate notice of Herbison's intent to appeal the fee decision. *See Pope v. Sav. Bank of Puget Sound*, 850 F.2d 1345, 1347 (9th Cir. 1988).

2. There was no abuse of discretion in awarding fees. *See Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985).

3. The general rule is that when a contempt proceeding is the sole remaining proceeding before the district court, a contempt order becomes final for purposes of appeal "[o]nce the finding of contempt has been made and a sanction imposed." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1145 (9th Cir. 1983). We have found a contempt order final when imposition of sanctions has been stayed pending appeal, *see Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 854-55 (9th Cir. 1992), but here, as in *SEC v. Hickey*, no sanctions have accrued and Herbison has purged

2

the contempt, 322 F.3d 1123, 1127-28 (9th Cir. 2003). We therefore lack jurisdiction to review the contempt finding.

**AFFIRMED IN PART, DISMISSED IN PART.**

*Herbison v. Chase Bank, USA, N.A.*, 13-15637

SILVERMAN, Circuit Judge, concurring:

I would affirm the district court across the board. In my view, we have jurisdiction to review both the contempt order and the attorneys fees award.

Conditional sanctions are appealable as long as the order imposing them has the requisite "'operativeness and consequence' required for finality under § 1291." *Stone v. City and Cnty. of San Francisco*, 968 F.2d 850, 854 (9th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). The contempt order here was plainly final; the fact that Herbison complied prior to the date on which the district court's financial sanctions would have taken effect does not change the consequence of his having to dismiss the New Mexico action.

Nor is the issue moot. "Ordinarily" the purging of civil contempt renders moot any appeal of the contempt order, but not always. *S.E.C. v. Hickey*, 322 F.3d 1123 (9th Cir.), *opinion amended on denial of reh'g*, 335 F.3d 834 (9th Cir. 2003) (quoting *Thomassen v. United States*, 835 F.2d 727, 731 (9th Cir. 1987)). An exception exists "where compliance does not prevent this court from fashioning adequate relief, [because then] a live controversy exists." *Davies v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390, 1394 (9th Cir. 1991). That exception applies here. If we were to rule in Herbison's favor, "adequate relief" would be available to him: specifically, he would be able to renew or reinstate his New

Mexico lawsuit. The state court specifically left open the possibility that Herbison could reinstate the case he was forced to dismiss, if he were to win this appeal.

Reaching the merits, I would hold that the district court clearly did not abuse its discretion when it found Herbison in contempt of its order approving the nationwide class's final settlement with Chase, or in awarding attorney's fees to Chase. I would affirm both rulings.