SILVERMAN, Circuit Judge,
concurring:
I would affirm the district court across the board. In my view, we have jurisdiction to review both the contempt order and the-attorneys fees award.
Conditional sanctions are appealable as long as the order imposing them has the requisite “ ‘operativeness and consequence’ required for finality under § 1291.” Stone v. City and Cnty. of San Francisco, 968 F.2d 850, 854 (9th Cir.1992) (quoting Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511, 70 S.Ct. 322, 94 L.Ed. 299 (1950)). The contempt order here was plainly final; the fact that Herbison complied prior to the date on which the district court’s financial sanctions would have taken effect does not change the consequence of his having to dismiss the New Mexico action.
Nor is the issue moot. “Ordinarily” the purging of civil contempt renders moot any appeal of the contempt order, but not always. S.E.C. v. Hickey, 322 F.3d 1123 (9th Cir.), opinion amended on denial of reh’g, 335 F.3d 834 (9th Cir.2003) (quoting Thomassen v. United States, 835 F.2d 727, 731 (9th Cir.1987)). An exception exists “where compliance does not prevent this court from fashioning adequate relief, [because then] a live controversy exists.” Davies v. Grossmont Union High Sell. Dist., 930 F.2d 1390, 1394 (9th Cir.1991). That exception applies here. If we were to rule in Herbison’s favor, “adequate relief’ would be available to him: specifically, he would be able to renew or reinstate his New Mexico lawsuit. The state court specifically left open the possibility that Her-bison could reinstate the case he was forced to dismiss, if he were to win this appeal.
Reaching the merits, I would hold that the district court clearly did not abuse its discretion when it found Herbison in contempt of its order approving the nationwide class’s final settlement with Chase, or in awarding attorney’s fees to Chase. I would affirm both rulings.