**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT AMATRONE; et al., | No.   17-17147 |
| Plaintiffs-Appellants, | D.C. No. 3:15-cv-01356-JST |
| v. | |
| RANDY CHAMPION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Robert Amatrone, Nick Amatrone, and Marla Sharlow appeal pro se from

the district court's judgment dismissing their 42 U.S.C. § 1983 action alleging

constitutional violations arising from the search of their home.  We have

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

imposition of terminating sanctions. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). We affirm.

The district court did not abuse its discretion by imposing terminating sanctions under Federal Rules of Civil Procedure 37(b)(2) and 41(b) because plaintiffs willfully violated discovery orders, which prejudiced defendants, and the district court had previously imposed monetary sanctions against plaintiffs for not complying with discovery orders and had warned plaintiffs of the possibility of terminating sanctions. *See Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (factors for determining whether to dismiss under Fed. R. Civ. P. 41(b)); *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096-97 (factors for evaluating terminating sanctions under Fed. R. Civ. P. 37(b)(2)).

The district court did not abuse its discretion by denying plaintiffs' motions for appointment of counsel because plaintiffs failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

The district court did not abuse its discretion by denying plaintiffs' multiple motions to stay or continue the action because plaintiffs failed to show that they

2                                                                                    17-17147

were prejudiced by the denials. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (denial of a continuance is reviewed for abuse of discretion and requires a demonstration of prejudice).

The district court did not abuse its discretion by denying plaintiffs' motion to disqualify Judge Tigar because plaintiffs failed to demonstrate "extrajudicial bias or prejudice." *Thomassen v. United States*, 835 F.2d 727, 732 (9th Cir. 1987) (standard of review); *see also United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) ("Ordinarily, the alleged bias must stem from an extrajudicial source. [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." (alteration in original, citations and internal quotation marks omitted)).

We reject as without merit plaintiffs' numerous contentions regarding judicial misconduct and constitutional violations.

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Appellees' motion for leave to file corrected excerpts of record (Docket

Entry No. 15) is granted.

**AFFIRMED.**

17-17147