NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 1 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN YAGMAN, | No. 18-55784 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-08033-PSG-E |
| v. | |
| GINA HASPEL*; CENTRAL INTELLIGENCE AGENCY, | MEMORANDUM** |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted April 30, 2019***
San Francisco, California

Before: TASHIMA and PAEZ, Circuit Judges, and FRIEDMAN,**** District Judge.

---

\* Gina Haspel is substituted for her predecessor as Director of the Central Intelligence Agency, pursuant to Federal Rule of Appellate Procedure 43(c).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*\* The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

Stephen Yagman appeals the district court's denial of his motion to re-open this case, which the district court stayed and then closed following our remand in a previous appeal. He also challenges the district court's denial of his motion for an award of costs on appeal and its refusal to rule on his motion for judgment as a matter of law. Finally, Yagman appeals the denial of his motion to disqualify District Judge Philip Gutierrez. We affirm in part and reverse in part, and remand for further proceedings.

Yagman filed this action in district court after the Central Intelligence Agency ("CIA") declined to process his 2014 Freedom of Information Act ("FOIA") request, which sought records identifying persons who engaged in torture. The district court concluded that it did not have subject matter jurisdiction over Yagman's action because he had not submitted a FOIA request that "reasonably describes" the records requested, as required by 5 U.S.C. § 552(a)(3)(A).

We reversed the district court's jurisdictional ruling. *See Yagman v. Pompeo* 868 F.3d 1075, 1082 (9th Cir. 2017) ("*Yagman I*"). In remanding for further proceedings, we suggested that the district court stay the case and allow Yagman to work with the CIA to formulate a revised FOIA request that reasonably describes the records sought. *Id.* at 1084. Specifically, we said that Yagman's revised request should "identify specific persons [or] specific documents, types of

2

documents, or types of information . . . . [specify] times, dates, location, or even clearly indicate if he is seeking the identities of those who *have* engaged in torture or only those who are *alleged* to have engaged in torture." *Id.* at 1081. We awarded Yagman costs on appeal.

After some correspondence with the CIA, Yagman submitted to the CIA a revised FOIA request. Finding that Yagman's revisions "broaden[ed], rather than narrow[ed], the request," the district court stayed and closed the case. The district court also denied Yagman's application for costs on appeal taxable in the district court on the basis that Yagman failed to comply with the district court's meet-and-confer requirements as provided in Local Rule 7-3. Yagman made no further changes to his FOIA request and filed two subsequent—and substantially similar—motions to re-open the case, to award costs, and for judgment as a matter of law. With his last motion, Yagman also filed a motion to disqualify Judge Gutierrez from presiding over the action. After Yagman's disqualification motion was denied by a different district judge, Judge Gutierrez denied Yagman's motion to re-open the case and award costs, stating that "no further filings will be accepted (other than a notice of appeal)."

1. We review the denial of Yagman's motion to re-open the action for abuse of

3

discretion.[1]  *See Davis*, 745 F.3d at 1310.  A proper FOIA request must reasonably describe the records sought so as to permit "a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort."  *Yagman I*, 868 F.3d at 1081 (citations omitted); 5 U.S.C. § 552(a)(3)(A).

In his revised FOIA request, Yagman specifies that he seeks records pertaining to the persons involved in the interrogation program "described in the December 13, 2012 'The [Senate] Committee Study of the Central Intelligence Agency's Detention and Interrogation Program.'"  Yagman's revised request additionally names several persons of interest, specifies the dates and locations for which he seeks information, and provides a definition of torture that refers to the Senate Committee Study and the Convention against Torture.  Not only does this revised request follow our instructions for increasing specificity, but it also cites the very report that the CIA suggested Yagman use as his reference point.  Thus, a CIA professional familiar with this topic should be able to locate records responsive to Yagman's revised FOIA request.

In denying Yagman's motions to re-open, the district court did not

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  Although a stay order is generally not an appealable final decision, we may exercise jurisdiction under § 1291 because the district court's refusal to accept further filings has put Yagman "effectively out of court."  *See Davis v. Walker*, 745 F.3d 1303, 1308 (9th Cir. 2014).

acknowledge many of Yagman's changes, in particular his reliance on the 2012 Senate Committee Study. Rather, the district court emphasized that Yagman's revisions had broadened, rather than narrowed, the scope of his FOIA request. That Yagman may have broadened the scope of his request to encompass more documents is irrelevant to the reasonable description inquiry at issue here, however.[2] *See Yagman I*, 868 F.3d at 1081 n.6. By ignoring Yagman's specifications and focusing instead on the scope of his request, the district court abused its discretion in denying Yagman's motion to re-open the case.

**2.** We review the district court's denial of Yagman's motion for costs for abuse of discretion. *See Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591–92 (9th Cir. 2000). The fee for filing a notice of appeal is taxable in the district court. Fed. R. App. P. 39(e). The federal rules establish a presumption in favor of awarding costs to the prevailing party on appeal, although, in limited circumstances, a district court may exercise its discretion to refuse to award costs to the prevailing party. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 591–92; *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995) ("A district court therefore generally must award costs unless the prevailing party is guilty of

---

[2] While the breadth of Yagman's revised FOIA request does not bear on the reasonable description inquiry, the CIA expresses concern that complying with Yagman's request would be overly burdensome. If the CIA raises this argument on remand, the burden will be on the CIA to support its objection. *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989).

some fault, misconduct, or default worthy of punishment."); *see also* Fed. R. Civ. P. 54(d)(1).

Yagman prevailed on his prior appeal, and we accordingly awarded him costs taxable in this court. *Yagman I*, 868 F.3d at 1084. Conversely, the district court denied Yagman costs for filing a notice of appeal on the basis that Yagman did not comply with the Central District's meet-and-confer rules. *See* C.D. Cal. L.R. 7-3. The district court did not, however, address the CIA's failure to conduct a meet-and-confer conference with Yagman when it raised objection to his application for costs, as required by Local Rule 54-2.2. The district court provides no logical explanation for why Yagman was penalized for his terseness on meet-and-confer calls while the CIA's failure to conduct a required meet-and-confer call as required went unaddressed. Hence, we conclude that the district court abused its discretion by denying Yagman his costs on appeal.

3. We review the denial of Yagman's motion to disqualify Judge Gutierrez for abuse of discretion. *See Thomassen v. United States*, 835 F.2d 727, 732 (9th Cir. 1987). Absent proof of personal bias, a judge's disqualification is reserved for "unusual circumstances" where: 1) It would be substantially difficult for the judge to put previously expressed erroneous findings out of his or her mind; 2) Reassignment would preserve the appearance of justice, and 3) The increased appearance of fairness would not be outweighed by waste and duplication. *Glen*

6

*Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 381–82 (9th Cir. 2003). "Such unusual circumstances rarely exist," *id*. at 381, and they are not present here. Although we have concluded that Judge Gutierrez abused his discretion in declining to re-open the case or award costs to Yagman, nothing in the record suggests that Judge Gutierrez would be unable to put his prior decisions out of his mind on remand. The district court did not abuse its discretion by denying Yagman's motion to disqualify Judge Gutierrez.

4.      On remand, the district court should give the government time to file an answer and raise any objection or defense authorized by law. The district court may also enter a scheduling order pursuant to Federal Rule of Civil Procedure 16, which may provide for dispositive motions and/or a court trial, if warranted.

5.      The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.**