**WESTERN PACIFIC RAILROAD CORPORATION and Alexis I. DuPont Bayard, Receiver, Appellants, v. WESTERN PACIFIC RAILROAD COMPANY et al., Appellees.**

Nos. 14515, 14501.

United States Court of Appeals
Ninth Circuit.

Nov. 1, 1954.

Leroy R. Goodrich, Oakland, Cal., Frank C. Nicodemus, Jr., New York City, James R. Morford, William Marvel, Wilmington, Del., for appellants.

Allan P. Matthew, James D. Adams, Walker W. Lowry, Burnham Enersen, Robert L. Lipman, McCutchen, Thomas, Matthew, Griffiths & Greene, San Francisco, Cal., for appellee.

Before HEALY, ORR, and POPE, Circuit Judges.

HEALY, Circuit Judge.

This suit, here on appeal from a summary judgment of dismissal, represents an attempt by appellants to renew litigation heretofore finally determined against them in Western Pac. R. R. Corp. v. Western Pac. R. Co., 9 Cir., 197 F.2d 994, rehearing denied 9 Cir., 206 F.2d 495. In that litigation, generally dubbed the "tax savings" suit, appellants were by the district court denied all relief; and we affirmed its judgment. Certiorari was denied 346 U.S. 910, 74 S.Ct. 241. Appellee has moved to dismiss or affirm on the ground that the appeal is frivolous.

We need not here undertake to review or restate the issue or issues resolved in the former suit. Enough to say that they did not materially differ from those sought now to be relitigated. In their complaint, in attempted justification of the present action, appellants quote excerpts from this court's opinion appearing at pages 1004 and 1005 of 197 F.2d, reading as follows: "The Corporation was the sole owner of the subsidiary's capital stock. As such it was under a duty to deal fairly with the subsidiary having full regard for the interests of the creditors and holders of other securities. Consolidated Rock Products Co. v. DuBois, 312 U.S. 510, 522, 61 S.Ct. 675, 85 L.Ed. 982. * * * If Corporation had required tribute as a condition of its cooperation, then it would have been acting with less than the required standard of fairness to the subsidiary's creditors." Appellants say that they "are bound by and accept this determination of the Court of Appeals, and their purpose and objective in filing this successoral complaint is to provide the essential machinery or medium for implementing it."

Upon their construction of this isolated and obscure passage in the opinion appellants erect a truly remarkable superstructure. In effect, they say that the court there recognized or held that the reorganized Railroad Company, under its assumption agreement with the reorganization trustees, holds a "trust fund" for the benefit of unpaid pre-reorganization creditors, including appellants. The alleged trust fund appears to consist of $17,201,739 of the earnings of the Railroad Company during reorganization, namely, the amount of the tax savings effected by the Company through use by the parent Corporation of its stock loss in making consolidated returns. Hence, they say, the reorganized Railroad Company as trustee-custodian of the fund is in duty bound to carry its trust obligation into effect by making the fund available for the satisfaction of the unpaid pre-reorganization creditors of whom appellant Corporation is one. They ask the court to require the placing of the fund in judicial custody subject to ultimate orders for its distribution.

If this court had intended to recognize the existence of such trust fund and trustee relationship, it would obviously have set aside the trial court's judgment instead of affirming it. However the passage in question says nothing about "unpaid" creditors. The court could not, as appellants contend, have had in mind the unpaid creditors of the pre-reorganization company, for in its opinion on petition for rehearing, 206 F.2d at page 499, it called attention to the final order of the bankruptcy court freeing the assets of the reorganized Company of all claims not expressly pro-

vided for therein [1]; and we added that "there is no power in the district court sitting in an independent proceeding in equity to alter, modify, or amend bankruptcy orders." Nor did the court anywhere in its opinion recognize the existence of a trust fund. The quoted remarks have no significance other than as general observations concerning the duty owing subsidiaries by a parent company. And after all it is the final judgment of the court, not isolated passages in its course of reasoning, that determines a lawsuit.

■ If it be assumed that the present complaint offers a new approach to the problem heretofore ruled upon, or some new source of title to the right or thing claimed, the prior determination nevertheless constitutes a bar to the current action. It is hornbook law that the bar of res judicata extends not only to what was pleaded or litigated, but to what could have been pleaded or litigated. For an extended discussion of that principle and citations of many authorities, see Hatchitt v. United States, 9 Cir., 158 F.2d 754.

The appeal from the summary judgment is dismissed as frivolous.

■ In addition to summarily dismissing the complaint the district court found complainant Corporation and its receiver guilty of contempt of the final decree of the bankruptcy court of March 28, 1946, and directed that further proceedings be held in the district court to fix the damages suffered by appellee on account thereof. The corporation and its receiver have appealed from this order, and appellee moves to dismiss the appeal on the ground that the order is interlocutory in nature and therefore not appealable. Since there are proceedings yet to be had below in respect of the order we think the appeal is premature, and it is accordingly dismissed.

1. The final order in the reorganization proceeding, dated March 28, 1946, provided in part: "and the Western Pacific Railroad Company is released and discharged forever from all debts and liabilities existing on or before December 28, 1944, whether or not the same have been presented or allowed in these proceedings, and said Reorganized Company is free and clear of all rights, claims, interest, liens, encumbrances, debts, obligations and liabilities, except as otherwise expressly provided in said order."