**Lloyd I. HUGHES, Plaintiff-Appellee,**

v.

**J. William SHARP, Defendant-
Appellant.**

**No. 71-2792.**

United States Court of Appeals,
Ninth Circuit.

April 11, 1973.

Stanley N. Gleis, Robert Ferguson, Beverly Hills, Cal., for defendant-appellant.

Max L. Gillam, Philip F. Belleville, Joseph A. Wheelock, Jr., Fredric J. Zepp, Latham & Watkins, Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, HUFSTEDLER
and WALLACE, Circuit Judges.

## OPINION

PER CURIAM:

J. William Sharp appeals from an order of the district court holding him in civil contempt for failure to appear at an examination of judgment debtor in proceedings ancillary to execution of judgment. Sharp was fined the amount of his opponent's attorney's fees and costs and ordered confined until he had purged himself of the contempt.

Sharp does not contend at this time that he is not the judgment debtor of Hughes. He does contend that he was not properly brought before the court, and that therefore the court lacked personal jurisdiction over him. He also attacks the district court's subject matter jurisdiction. We express no view on these arguments.

Since Sharp is a party to the pending proceedings, and since those proceedings are still under way, we lack jurisdiction to consider the purported appeal from the district court's contempt order. That order is interlocutory. See Fox v. Capitol Co., 299 U.S. 105, 57 S. Ct. 57, 81 L.Ed. 67 (1936); Western P. R.R. Corp. v. Western P.R.R. Co., 216 F.2d 513 (9th Cir. 1954); and Hodgson v. Mahoney, 460 F.2d 326 (1st Cir. 1972).

Although this result seems harsh, Hughes was not left without recourse. He can always purge himself of the contempt. Or, he might have moved to quash the process that he now seeks to challenge; and if that motion had been denied, such denial would generally be appealable. Edwin Raphael Co. v. Maharam Fabrics Corp., 283 F.2d 310 (7th Cir. 1960). Finally, he could have sought leave to bring an interlocutory appeal from the contempt order. See 28 U.S.C. § 1292(b).

Notice of appeal was filed on August 4, 1971. The brief for Hughes was filed on April 7, 1972. In that brief

Hughes raises the issue of this court's jurisdiction. The proper course when counsel for Hughes discovered the defect in our jurisdiction was to file a motion to dismiss the appeal. The result of failure to make such a motion has been substantial unnecessary delay in disposition of this cause.

The appeal is dismissed.