625 F.2d 881
 105 L.R.R.M. (BNA) 2646, 89 Lab.Cas. P 12,208
 UNION OF PROFESSIONAL AIRMEN, an Affiliate of the Air Line
Pilots Association, International, AFL-CIO,
Plaintiff-Appellee,
v.
ALASKA AERONAUTICAL INDUSTRIES, INC., and Houston D. Haynes,
Defendants- Appellants.
 No. 77-3516.
CIV A77-41.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 22, 1979.
Decided Aug. 14, 1980.
 
 Winship Tood, Seattle, Wash., argued, for defendants-appellants; John M. Stern, Jr., Anchorage, Alaska, on brief.
 James W. Tello, Washington, D.C., argued, for plaintiff-appellee; Daniel M. Katz, Washington, D.C., on brief.
 Appeal from the United States District Court for the District of Alaska.
 Before CHAMBERS and TANG, Circuit Judges, and THOMPSON,* District Judge.
 CHAMBERS, Circuit Judge:
 
 
 1
 Alaska Aeronautical Industries, Inc. (hereafter AAI) and its president, Houston D. Haynes, appeal from an order of the district court finding them in contempt for failure to comply with a preliminary injunction in this unfair labor practices action brought under the Railway Labor Act. The district court issued a preliminary injunction on June 6, 1977, ordering AAI to cease interference with the union's organizational activities and to cease undermining support for the union. It also ordered the appellant to reinstate seven pilots unconditionally.
 
 
 2
 On August 18, 1977, the union moved for an order holding AAI and Haynes (who was not a named defendant), in "civil contempt." A hearing was provided, at which time counsel for the union urged the court to proceed in criminal contempt. The district judge declined to do so, saying he would consider the motion for civil contempt first. On October 4, 1977, he issued an order adjudging both the company and Haynes to be in "civil contempt" and ordered them to pay damages in the amount of $10,000 and attorneys' fees of $7500 to the union within seven days. He also ordered a report, within 30 days, as to the appellants' compliance with the preliminary injunction and to the order of civil contempt. The criminal contempt question was to be held in abeyance for thirty days.
 
 
 3
 Appellants moved for a stay, paying $17,500 into the registry of the district court and asking that the court retain it and withhold payment over to appellees pending an appeal to this court.[1] The district judge denied the stay, declined to consider the payment of the $17,500 to the Clerk as a supersedeas bond, and ordered that appellants might withdraw the $17,500 from the Clerk. The withdrawal was made and the sum paid to appellees. We find no record of any application to this court for a stay, but it is clear that appellants at all times intended to appeal from the contempt order. On the facts of this case, i. e. the contempt order's requirement for payment within seven days, the refusal of the district court to accede to appellants' motion for a stay or to accept their payment of the $17,500, etc., we are not inclined to infer a waiver of any right to appeal from the fact of payment of the $17,500 to the appellees.
 
 
 4
 There are other jurisdictional problems that give us more concern. Both AAI and Haynes seek to appeal from the contempt order. The immediate question raised by their appeal is that of appellate jurisdiction. If, as appellants argue, the order appealed from was punitive and sought to punish the contemnors, then the order was actually for "criminal" contempt. United States v. United Mine Workers, 330 U.S. 258, 303, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947); United States v. Asay, 614 F.2d 655, 659 (9th Cir. 1980). If the order was indeed one for criminal contempt it was appealable when entered, by both AAI and Haynes. See Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172 (1941); Hoffman, etc. v. Beer Drivers & Salesmen's Local Union, etc., 536 F.2d 1268 (9th Cir. 1976).
 
 
 5
 If, on the other hand, the order was intended to be remedial, by seeking to coerce the recalcitrant company and its president into compliance, or by seeking to compensate the union for its losses due to their recalcitrance, then it would properly be considered an order for civil contempt. United States v. United Mine Workers, supra, 330 U.S. at 303-304, 67 S.Ct. at 701. United States v. Asay, supra, 614 F.2d at 659. As such it would be considered an interlocutory order, a part of the underlying civil action and, thus, not a "final order" within the sense of 28 U.S.C. § 1291.[2] Goldblum v. National Broadcasting Corp., 584 F.2d 904, 906 (9th Cir. 1978); Hoffman, etc. v. Beer Drivers & Salesmen's Local Union, etc., supra ; Hughes v. Sharp, 476 F.2d 975 (9th Cir. 1973). If the order is one for civil contempt, a party may appeal the contempt issue as part of any appeal from the final judgment. See David v. Hooker, Ltd., 560 F.2d 412, 415 (9th Cir. 1977).
 
 
 6
 We reject appellants' argument that this order was one for criminal contempt. Although we are aware that we need not be bound by the label the district judge attached, but must look to the substance of the order (Shillitani v. United States, 384 U.S. 364, 369, 86 S.Ct. 1531, 1534, 16 L.Ed.2d 622 (1966)), we conclude that the substance of this order is precisely what the district judge said it was an order for civil contempt. It seeks both to compensate the union for its damages during the four months of appellants' recalcitrance and it also seeks to coerce them into compliance. The district judge seems clearly to have contemplated further action against the contemnors for criminal contempt, depending on their response to the civil contempt order.
 
 
 7
 Appellants argue that the amount of the fine and the requirement of immediate payment, are indicative of a punitive intent. We disagree. It would be difficult to compute the damages to the union from four months' failure to rehire the seven pilots or the damages to the union for continued interference with its organizational activities, etc. A round sum such as this will not be deemed "punitive" on this record, nor will the round sum awarded as attorneys' fees. We are not here determining that the requirement of the payment of these sums was appropriate or inappropriate; we say only that they do not serve to convert what we determine to be a civil contempt order, into a criminal contempt order.
 
 
 8
 In summary, the order was for civil contempt and as such it was an interlocutory order and appealable as part of any appeal from the final judgment by AAI, the named defendant.[3] But it is a closer question whether Haynes may now appeal. As a nonparty he technically has no personal interest in the continuing civil litigation and he has no right to appeal from the eventual final judgment in the case. A nonparty is generally entitled to appeal immediately from an order holding him in civil contempt. See David v. Hooker, 560 F.2d 412, 415-417 (9th Cir. 1977), where the nonparty was held liable for sanctions for failing to comply with discovery demands, under Rule 37, F.R.Civ.P. It was held that he was entitled to appeal immediately as otherwise he would have no appeal at all.
 
 
 9
 The analogy between a Rule 37 case and a civil contempt case is a useful one, but it goes only so far. Here there is a different factual situation because the contempt order required both AAI and Haynes to pay the civil fine. AAI then paid the fine and in so doing relieved Haynes of any liability under the contempt order.[4] Haynes has no interest in the appeal from the civil contempt order, given AAI's satisfaction of the award.
 
 
 10
 The appeal is dismissed for lack of appellate jurisdiction as to the defendant-appellant AAI. It is dismissed for mootness as to Haynes. Should AAI hereafter appeal from a final disposition of the lawsuit, the Clerk will notify the present panel when the new appeal is docketed, at which time it may be appropriate to order the briefs in this appeal transferred to the new number, or to take such other action as may expedite the matter.
 
 
 
 *
 The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation
 
 
 [1]
 Appellants' motion states:
 "On October 11, 1977, the defendant and Houston D. Haynes transmitted to the Clerk of the Court checks in the amount of Seventeen Thousand Five Hundred Dollars ($17,500) in payment of the sums ordered to be paid pursuant to paragraph 2 of the aforementioned order. Defendant and Mr. Haynes herewith apply to the Court for an order for stay of payment by the Clerk of the Court to the plaintiff pending an appeal which will be filed in this matter so that the funds are not lost to Alaska Aeronautical Industries, Inc. and Mr. Haynes."
 
 
 [2]
 We presume the underlying litigation is still pending in district court, not having been informed otherwise by the parties
 
 
 [3]
 The validity of the contempt order and of the payment may then be tested. Moreover, we note that AAI did not appeal from the preliminary injunction under 28 U.S.C. § 1292(a). As such an appeal was permissive, and not mandatory, AAI may appeal the validity of the preliminary injunction as part of any appeal from the final judgment under 28 U.S.C. § 1291. Baldwin v. Redwood City, 540 F.2d 1360, 1364 (9th Cir. 1976), cert. denied 431 U.S. 913, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977); Adamian v. Jacobsen, 523 F.2d 929, 931 (9th Cir. 1975), cert. denied --- U.S ---- 100 S.Ct. 2158, 64 L.Ed.2d 791 (1980)
 
 
 [4]
 We do not presume that there are any collateral consequences to the civil contempt order such as might arise had the order been one for criminal contempt. See In re Stewart, 571 F.2d 958, 966-967 (5th Cir. 1978), which equated criminal contempt with criminal conviction, citing Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968)