**WEYERHAEUSER COMPANY, a Washington corporation, Plaintiff-Appellee,**

v.

**INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, LOCAL 21, Defendant-Appellant.**

No. 83–4125.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1984.

Decided May 14, 1984.

Dean E. Peterson, Weyerhaeuser Co., Tacoma, Wash., for plaintiff-appellee.

Robert K. Udziela, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for defendant-appellant.

ORDER FOR PUBLICATION

Before FLETCHER and FARRIS, Circuit Judges, and JAMESON,[*] District Judge.

The International Longshoremen's and Warehousemen's Union (the Union) appeals from the district court's order finding it in contempt for continuing to violate a previous injunction upheld by this court. The district court stayed its decision on sanctions pending this appeal. We dismiss the appeal for lack of jurisdiction under 28 U.S.C. §§ 1291, 1292 (1982).

A contempt order is not a final order under 28 U.S.C. § 1291 prior to the imposition of sanctions. *See Steinert v. United States*, 571 F.2d 1105, 1107 (9th Cir.1978) (dicta); *Western Pacific Railroad Corp. v. Western Pacific Railroad Company*, 216 F.2d 513, 515 (9th Cir.1954). *See also United States v. Hankins*, 565 F.2d 1344, 1352 (5th Cir.1978), *cert. denied*, 440

[*] Hon. William J. Jameson, Senior District Judge for the District of Montana, sitting by designa-   tion.

U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979); *S.E.C. v. Naftalin,* 460 F.2d 471, 475 (8th Cir.1972).

■ The order is not appealable under 28 U.S.C. § 1292, as an appeal from an order continuing an injunction. It is not an order continuing an injunction because the district court has not yet imposed sanctions. *Cf. Sanders v. Monsanto Co.,* 574 F.2d 198, 199 (5th Cir.1978) (denial of contempt order appealable under section 1292 when no further action necessary in district court).

Further proceedings remain in the district court that could result in a second appeal if the instant order is affirmed. The contempt order may be reviewed effectively on appeal from the final judgment *Flanagan v. United States,* —— U.S. ——, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984). We lack jurisdiction over this appeal.