SECURITIES AND EXCHANGE COMMISSION; Richard G. Shaffer, Receiver, Plaintiffs-Appellees,

v.

ELMAS TRADING CORPORATION, et al., Defendant,

and

James L. Attarian, Defendant-Appellant.

No. 87–1724.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1987.

Decided Aug. 10, 1987.

As Amended Sept. 29, 1987.

John Ohlson, Reno, Nev., for defendant-appellant.

Yolanda Orozco, Beverly Hills, Cal., for plaintiffs-appellees.

Before FLETCHER, REINHARDT and KOZINSKI, Circuit Judges.

## ORDER

This appeal is dismissed for lack of jurisdiction. Appellant is incarcerated for civil contempt. Orders of civil contempt entered against a party during the course of a pending civil action are not appealable until final judgment.* *Union of Professional Airmen v. Alaska Aeronautical Industries, Inc.,* 625 F.2d 881, 883 (9th Cir.1980). After limited review to determine whether the contempt is criminal or civil, the court concludes that the district court did not clearly err in finding that appellant is able to comply with its orders of production. "When the petitioners carry 'the keys of their prison in their own pockets,' the action 'is essentially a civil remedy.' " *Shillitani v. United States,* 384 U.S. 364, 368, 86 S.Ct. 1531, 1534, 16 L.Ed.2d 622 (1965) (citations omitted).

The district court ordered Attarian incarcerated for his failure to obey its order to account for funds and to produce records relating to assets. From the court's order, it is clear that its purpose in incarcerating Attarian is to coerce him to produce the demanded documents that are needed in the litigation and investigation or to provide credible evidence as to his inability to comply. As such, the conditional nature of the order makes it one for civil contempt. *Id.* at 368–69, 86 S.Ct. at 1535.

Regardless of the purpose of the order, if, as Attarian asserts, he lacks the ability to comply with it, or it has lost all coercive effect, the contempt becomes criminal and we have jurisdiction to review it.

---

* By contrast, orders of civil contempt resulting in the incarceration of grand jury witnesses, *see e.g. In Re Grand Jury Proceedings, Doe v. United States,* 801 F.2d 1164 (1986) (contempt judgment entered July 18, 1986, judgment affirmed August 27, 1986), and orders of civil contempt entered during the course of a pending action against a non-party are immediately appealable, *see David v. Hooker, Ltd.,* 560 F.2d 412, 415–17 (9th Cir. 1977); 9 Moore's Federal Practice § 110.13[4] at 167.

*Carbon Fuel Co. v. United Mine Workers,* 517 F.2d 1348, 1349 (4th Cir.1975). The determination as to whether a civil contempt sanction has lost its coercive effect upon a particular contemnor rests within the sound discretion of the district court. We review the record to ensure that the district judge made an individualized decision that the continued confinement of Attarian would have a coercive effect. *Simkin v. United States,* 715 F.2d 34, 37 (2d Cir.1983). The district court did not find credible Attarian's assertions that he has done everything he can to comply with its order. The record amply supports the district court's view that Attarian has control of the documents and other materials which the court seeks and that Attarian is simply playing games with the court. Its order directing Attarian to produce documents is sufficiently specific to inform Attarian of the actions he must take to purge his contempt. Accordingly, it was not an abuse of discretion for the court to find that Attarian can comply with its order and to continue his incarceration until he does so. *Id.*