972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
IN re GRAND JURY PROCEEDING 90-5.
Rufus AYLWIN, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-15152.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 17, 1992.
Decided July 24, 1992.
 
 Before FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rufus Aylwin appeals the district court's denial of his motion to be released from civil contempt. Because the district court did not abuse its discretion in denying the motion, we affirm.
 
 
 3
 The district court found Aylwin in contempt on June 14, 1991 after determining that Aylwin had, without justification, refused to answer questions from the grand jury. In December, 1991, Aylwin moved to be released from contempt because, he claimed, the contempt sanction was no longer coercive. After appointing a psychiatrist to assist Aylwin, the court found that it was "not yet persuaded that continued confinement will fail to coerce Aylwin to testify." The court denied the motion and Aylwin appealed.
 
 
 4
 "The determination as to whether a civil contempt sanction has lost its coercive effect upon a particular contemnor rests within the sound discretion of the district court. We review the record to ensure that the district judge made an individualized decision that the continued confinement ... would have a coercive effect." SEC v. Elmas Trading Corp., 824 F.2d 732, 733 (9th Cir.1987).
 
 
 5
 Our review of the record shows that the district judge carefully considered whether the contempt order remained coercive. We cannot conclude that he erred by deciding in January that the order remained coercive.
 
 
 6
 After this case was submitted, on June 9, 1992, the district court granted a subsequent motion by Aylwin for release from the contempt order. The court found that the passage of additional time had convinced it that the sanction was no longer coercive.
 
 
 7
 The government has now moved to dismiss this appeal as moot. Because the original contempt order stated that time served under contempt was not to be counted against the prison sentence that Aylwin was serving at the time of his contempt, we find that this appeal is not moot.
 
 
 8
 The government's motion to dismiss is DENIED and the district court's order of January 3, 1992 is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3