In re Bruce A. BUNYAN;  In re Ruth P. Bunyan, Debtors,

Bruce A. Bunyan;  Ruth P. Bunyan; Stewart A. McCullum;  Verla I. McCullum, Appellants,

v.

United States of America, Internal Revenue Service, Appellee.

No. 02–56786.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Filed Jan. 20, 2004.

John Harrison Wegge, Pasadena, CA, for the debtors-appellants.

Francesca Ugolini, Department of Justice, Washington, D.C., for the appellee.

Before HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

**OPINION**

BETTY B. FLETCHER, Circuit Judge:

Debtors–Appellants Bruce and Ruth Bunyan and Verla McCullum [1] (collectively "Debtors–Appellants"), appeal the district court's affirmance of the order of the bankruptcy court, which overruled their objections to claims for income taxes filed by the Internal Revenue Service in their respective Chapter 13 proceedings. The Debtors–Appellants argue that the bankruptcy court erred in finding that the Bankruptcy Code and res judicata barred them from challenging the validity of the income tax assessments in their bankruptcy proceedings. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We affirm the bankruptcy court's decision to overrule the Debtors–Appellants' objections, because we conclude that it lacked jurisdiction to consider the validity of the tax assessments.

▪▪▪ When reviewing an appeal from a bankruptcy court, "[w]e independently review the bankruptcy court's decision and do not give deference to the district court's determinations." *In re Saxman,* 325 F.3d 1168, 1172 (9th Cir.2003). The bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code are reviewed de novo. *See In re BCE West, L.P.,* 319 F.3d 1166, 1170.

There are two sets of proceedings at issue in this appeal: (1) the instant case, which began as two separate bankruptcy court cases that were consolidated, appealed to the district court, and then appealed to this court; and (2) the underlying tax litigation, from which the disputed tax assessments arose, where several cases began in tax court and were appealed to this court.

---

**1.** Verla McCullum appeals both in her individual capacity and as the successor in interest to her deceased husband.

In the underlying tax litigation, the Debtors–Appellants' appeals to our court were consolidated with approximately ninety related appeals, under the lead case of *Wilson v. Commissioner*, No. 93–70102 ("the consolidated appeals"). The Commissioner for Internal Revenue moved to dismiss the consolidated appeals for lack of jurisdiction, arguing that the notices of appeal were untimely because they had been filed after the period for filing an appeal had expired.

The taxpayers, including the Debtors–Appellants, responded by filing a "Notice of Non–Defense." In their notice, the taxpayers indicated that the merits of their appeal had been adversely decided in *Jensen v. Commissioner*, 999 F.2d 381 (9th Cir.1993), and that they therefore declined to dispute the factual and legal allegations set forth in the Commissioner's motion to dismiss.

In June 1993, we granted the Commissioner's motion to dismiss the consolidated appeals. The brief order stated:

> The commissioner has filed a motion to dismiss these consolidated appeals for lack of jurisdiction pursuant to *Trohimovich v. C.I.R.*, 776 F.2d 873, 875 (9th Cir.1985). Appellants have filed a "Notice of Non–Defense." The unopposed motion to dismiss these appeals is granted.

The taxpayers, including the Debtors–Appellants, did not file a petition for rehearing or other relief in this court, nor did they file a petition for a writ of certiorari from the Supreme Court.

Seven years later, the current litigation began when the Debtors–Appellants filed separate joint voluntary petitions for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Central District of California. The IRS filed proofs of claims for unpaid income taxes in both cases, based upon the Debtors–Appellants' non-payment of 1992 assessments of income tax deficiencies. The Debtors–Appellants filed objections to the IRS' claims in their respective bankruptcies. Adjudication of their objections was consolidated before Judge Mund. The sole basis for the Debtors–Appellants' objections was that the IRS tax assessments were invalid because they had occurred before the tax court decisions in the underlying tax court litigation were final.

The bankruptcy court eventually ruled in favor of the government, holding in relevant part that the Debtors–Appellants were bound by res judicata, because the finality of the tax court decisions had been decided by us in our order granting the Commissioner's motion to dismiss the consolidated appeals. On appeal, the district court affirmed, but for slightly different reasons. This appeal followed.

\* \* \*

Under 11 U.S.C. § 505(a)(1), bankruptcy courts are allowed to determine the amount or legality of any tax, additions to tax, and fine or penalty relating to taxes that are at issue in the bankruptcy case. Section 505(a)(2)(A), however, 688 strips bankruptcy courts of jurisdiction to determine "the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the [bankruptcy] case." It is therefore evident that the bankruptcy court lacks jurisdiction to determine the amount and legality of the taxes owed by the Debtors–Appellants if those issues have previously been "contested before and adjudicated by a judicial ... tribunal."

Both parties agree that the bankruptcy court lacks jurisdiction to determine the *amount* of the tax deficiencies, because that issue was litigated before and decided by the tax court in the underlying tax

court litigation. The issue is whether the *legality* of the assessments was contested before and adjudicated by a judicial tribunal of competent jurisdiction. Specifically, the question is whether the proceedings before our court seven years before the commencement of the bankruptcy proceedings satisfy the requirements of prior contestation and adjudication.

■ Some explanation of the relevant legal framework is helpful. Under 26 U.S.C. § 6213(a), if a petition has been filed with the tax court, as it was in the Debtors–Appellants' underlying tax cases, the IRS cannot make an assessment of deficiency until the decision of that court has become final. Under our precedent, "[i]f the assessment was premature, it would be void." *Haley v. Commissioner*, 805 F.Supp. 834, 835 n. 1 (E.D.Cal.1992) (citing Ninth Circuit cases), *aff'd without opinion*, 5 F.3d 536 (9th Cir.1993), *cert. denied*, 511 U.S. 1030, 114 S.Ct. 1538, 128 L.Ed.2d 191 (1994). Therefore, even if the underlying notice of deficiency was contested and the amount of the deficiency determined by the tax court, if the IRS assessed the deficiency before the tax court's decision became final, the assessment itself would be invalid. As a result, the legality of the tax assessments turns upon the date on which the tax court decision became final.

■ The statute governing court review of tax court decisions provides in relevant part that "the decision of the Tax Court shall become final ... [u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." 26 U.S.C. § 7481(a)(1). Notice of appeal must be filed within ninety days of the tax court decision, 26 U.S.C. § 7483, but a motion to vacate or revise the decision tolls the running of the appeals period until the tax court's decision on that motion is entered. Fed. R.App. P. 13(a). In turn, a motion to vacate or revise must be filed within thirty days of the tax court decision. Tax Ct. R. 162. Under *Trohimovich*, which was still good law at the time of the underlying tax litigation,[2] a motion for reconsideration in tax court did not toll the time for appeal. *See* 776 F.2d at 875. Although the parties disagree about the actual date on which the tax court decisions in the underlying tax litigation became final, it is undisputed that the issue of the finality of those decisions was raised before us, when the Commissioner for Internal Revenue moved to dismiss the consolidated appeals in the tax cases. We conclude that our prior proceedings satisfy all the elements of § 505(a)(2)(A), and that the bankruptcy court therefore lacks jurisdiction to consider the legality of the tax assessments.

■ First, the requirement that the tribunal have been one "of competent jurisdiction" is satisfied despite the fact that our 1993 order dismissed the cases for lack of jurisdiction because the appeals were untimely. A federal court always has jurisdiction to determine its own jurisdiction. *United States v. Ruiz*, 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 291, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

---

2. In *Nordvik v. Commissioner*, 67 F.3d 1489, 1493 (9th Cir.1995), *cert. denied*, 517 U.S. 1192, 116 S.Ct. 1682, 134 L.Ed.2d 784 (1996), we concluded that *Trohimovich*'s holding was inconsistent with *United States v. Ibarra*, 502 U.S. 1, 6–7, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991) (per curiam), in which the Supreme Court applied the "well-established rule in civil cases, that the period for filing an appeal begins with denial of a petition for rehearing, which is akin to a motion for reconsideration." 67 F.3d at 1493 (internal quotation marks and citation omitted). The underlying tax litigation, however, ended with our dismissal of the consolidated appeals in 1993.

■ Second, the issue of finality was "contested" before our court. According to the legislative history of § 505(a)(2)(A), "a proceeding is contested if, prior to the bankruptcy filing, the debtor had filed a petition in the Tax Court and the IRS had filed an answer." *Baker v. IRS (In re Baker)*, 74 F.3d 906, 909 (9th Cir.), *cert. denied*, 517 U.S. 1192, 116 S.Ct. 1683, 134 L.Ed.2d 784 (1996) (citing 124 Cong. Rec. 32250, 32413 (Sept. 28, 1978) (Statement of Rep. Edwards), noting that this definition had been adopted by other courts, and stating that "we see no reason to depart from it"). At least in tax court, therefore, a claim need not have been actually litigated to have been "contested" for purposes of bankruptcy court jurisdiction. There appear to be no cases that directly discuss the question of whether § 505(a)(2)(A) should be applied in the case of adjudication of an issue (i.e. the finality of the tax court decisions) by a Court of Appeals in the first instance, but nothing in the text of the statute itself forecloses such an application. We therefore adopt the definition of contestation that is applied to tax court proceedings. The consolidated appeals were brought by dozens of taxpayers, including the Debtors–Appellants; the Commissioner responded by filing the motion to dismiss; and the taxpayers filed a notice of non-opposition. This pattern of appeal-response-reply moves the proceedings before this court one step beyond the filings necessary to invoke preclusive effect in tax court, and constitutes sufficient contestation of the issue for purposes of the Bankruptcy Code.

The order granting the Commissioner's motion to dismiss necessarily adjudicated the issue of when the tax court decisions became final. *See In re Baker*, 74 F.3d at 909("A matter is adjudicated when a judgment of a court of competent jurisdiction has been decreed.") (internal quotation marks and citation omitted). The order granting the motion to dismiss was

grounded on lack of jurisdiction over the appeal because the taxpayers' notices of appeal were untimely. To determine untimeliness, we had to decide that the date upon which the Debtors–Appellants appealed the tax court decision—January 7, 1993—was more than ninety days after the tax court decision was entered. Under the precedent then in effect, the taxpayers' motions for reconsideration did not toll the time for appeal. *See Trohimovich*, 776 F.2d at 875. The final tax court decision was therefore the denial of the motion to vacate or revise the February 1991 order dismissing the case. This denial occurred on September 27, 1991. The time for appealing the tax court's decision on the merits therefore expired ninety days later, on December 26, 1991—over a year before the Debtors–Appellants filed their notices of appeal, and almost two months before the IRS assessed the income tax deficiencies at issue in this case.

We hold that our court's 1993 order dismissing the consolidated appeals for lack of jurisdiction was an adjudication of the only issue in dispute in this case— whether the tax court decision was final at the time that the IRS assessed the deficiencies against Debtors–Appellants. Under 11 U.S.C. § 505(a)(2)(A), the bankruptcy court lacks jurisdiction to consider the validity of the tax assessments.

The judgment of the bankruptcy court is **AFFIRMED.**