Ressoyia ANDERSON; et al.,
Plaintiffs–Appellees,

and

John Bussjeager; et al., Plaintiffs,

v.

BIG APPLE CONSULTING, USA,
INC.; et al., Defendants–
Appellants,

and

Kenneth J. Blake; et al., Defendants.

No. 05–16057.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 27, 2006.*

Filed Nov. 27, 2006.

Donald Stoecklein, Esq., Law Offices of Donald Stoecklein, Las Vegas, NV, for Plaintiffs–Appellees.

L.J. Coppedge, Esq., Kummer Kaempfer Bonner & Renshaw, Jones Vargas, Harold P. Gewerter, Esq., Harold P. Gewerter, Esq., Ltd., Jay E. Smith, Esq., Smith Larsen & Wixom, Las Vegas, NV, Ruben F. Sanchez, Esq., Leonardo & Sanchez, Woodland Hills, CA, for Defendants.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Big Apple Consulting USA, Inc., and Matthew Maguire (collectively "Big Apple") appeal from the district court's denial of a motion to dismiss for lack of jurisdiction an action filed against them under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968. We do not have jurisdiction over this interlocutory appeal.

28 U.S.C. § 1292(b) provides the procedure for appeal of an interlocutory order:

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the district judge must certify the interlocutory order for appeal, and upon application within ten days of the certification order the court of appeals may in its discretion permit an appeal to be taken. Because Big Apple did not obtain leave to bring an appeal from the interlocutory order denying its motion to dismiss, we dismiss for lack of jurisdiction. *See Lucas v. Natoli,* 936 F.2d 432, 433 (9th Cir.1991) (per curiam) (court has no jurisdiction to reach issues of personal jurisdiction not certified for interlocutory appeal); *Hughes v. Sharp,* 476 F.2d 975, 975 (9th Cir.1973) (no jurisdiction when party did not seek leave to bring appeal of interlocutory order); *cf. Go–Video, Inc. v. Akai Elec. Co.,* 885 F.2d 1406, 1408 (9th Cir.1989) (reviewing denial of motion to dismiss for lack of personal jurisdiction when district court granted certification request, and court of appeals had agreed to hear interlocutory appeal).

DISMISSED.