HEARY BROS. LIGHTNING PROTEC-
TION CO. INC.; Lightning Preventor
of America, Inc.; National Lightning
Protection Corporation, Plaintiffs–
Appellants,

v.

LIGHTNING PROTECTION INSTI-
TUTE; Allan P. Steffes; Thompson
Lightning Protection Co. Inc.; East
Coast Lightning Equipment, Inc., De-
fendants–Appellees.

No. 05–17230.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Jan. 4, 2008.

Michael Lee Parrish, Esq., Stinson Mor-
rison Hecker, LLP, Phoenix, AZ, Linda H.
Joseph, Esq., Schroder Joseph & Associ-
ates LLP, Buffalo, NY, for Plaintiffs–Ap-
pellants.

Kendall D. Steele, Esq., Jardine, Baker,
Hickman & Houston, Phoenix, AZ, Eliza-
beth P. Gilson, Esq., New Haven, CT, for
Defendants–Appellees.

Before: SCHROEDER, Chief Judge, BYBEE, Circuit Judge, and WU,* District Judge.

## MEMORANDUM **

The facts of this case are familiar to the parties and we do not repeat them here. Heary Bros. Lightning Protection Co., Inc., its division Lightning Preventor of America, Inc., and National Lightning Protection Corporation (collectively, "the plaintiffs"), appeal the decision of the district court granting summary judgment to East Coast Lightning Equipment, Inc. ("East Coast") on the plaintiffs' Sherman Act claim. The plaintiffs also appeal the scope of an injunction entered against it as a result of East Coast's successful Lanham Act counterclaim and the award of sanctions for the plaintiffs' failure to oppose East Coast's motion for summary judgment on counts II, III, and IV of the Second Amended Complaint. For the reasons stated below, we affirm in part, modify the injunction, and reverse in part.

## I. SHERMAN ACT CLAIM

 We review a district court's grant of summary judgment *de novo*. *See MetroNet Servs. Corp. v. Qwest Corp.*, 383 F.3d 1124, 1128 (9th Cir.2004). Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(c). To survive summary judgment, the plaintiffs were required to raise

a triable issue of fact as to whether East Coast's improper conduct caused the National Fire Protection Association ("NFPA") to fail to adopt NFPA 781 or to fail to repeal NFPA 780. *Cf. Sessions Tank Liners, Inc. v. Joor Mfg., Inc.*, 17 F.3d 295, 300 (9th Cir.1994). Here, the plaintiffs have failed to demonstrate any link between East Coast's alleged improper conduct and NFPA's failure to adopt NFPA 781 or repeal NFPA 780. There is no evidence linking the failure to recommend NFPA 781 for approval during the 1993 membership vote to East Coast's conduct prior to and at that membership vote. Additionally, the evidence demonstrates that a positive outcome at the 1993 membership vote on NFPA 781 would not necessarily have resulted in the adoption of NFPA 781 and that the decision of the NFPA Standards Council to not adopt NFPA 781 was independent of the 1993 membership vote. Furthermore, there is no evidence in the record beyond mere allegations that East Coast's improper activity caused NFPA to retain NFPA 780 unfairly.

The district court correctly granted summary judgment for East Coast on the causation element of the Sherman Act claim. Because this conclusion disposes of the Sherman Act claim, we do not need to reach the issue of damages or the exclusion of the plaintiffs' expert witness testimony.

## II. SCOPE OF THE INJUNCTION

 Although the plaintiffs do not challenge the grant of summary judgment against them on East Coast's Lanham Act counterclaim, they do challenge the scope of the injunction entered to remedy their

---

* The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

violation of the Lanham Act. An injunction entered in response to a false advertising claim must be carefully limited to the conclusion of law that justifies the injunction. *See U–Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1042 (9th Cir.1986). The district court's conclusion of law in this case was that "Plaintiffs' claims that their early streamer emissions ("ESE") products provide a measurable zone of protection and protect against lightning strikes in open spaces are not supported by tests sufficiently reliable to support those claims, and are 'literally false' under the Lanham Act." In reaching that conclusion, the district court relied on evidence that ESE systems, though perhaps as effective as traditional systems installed in compliance with NFPA 780, could not be shown to be more effective than traditional systems installed in compliance with NFPA 780. This evidence was adequate to support the district court's injunction.

The plaintiffs' other challenges to the wording of the injunction are without merit. The reference to NFPA 780 does not violate Rule 65 of the Federal Rules, as the plaintiffs are intimately familiar with the contents of NFPA 780. *See Davis v. City & County of San Francisco*, 890 F.2d 1438, 1450 (9th Cir.1989). Furthermore, as the district court noted, the injunction does not prevent any truthful advertising concerning the plaintiffs' experience with ESE systems, compliance with foreign standards, or availability of insurance guarantees, as long as they do not use such evidence to support claims that ESE systems provide a measurable zone of protection greater than NFPA 780 systems or that ESE systems can protect open spaces. We accordingly deny the plain-

tiffs' request to modify the language of the injunction.

## III. SANCTIONS

Finally, the plaintiffs appeal the imposition of sanctions against the plaintiffs for their failure to oppose East Coast's motion for summary judgment on Counts II, III, and IV of the Second Amended Complaint. The district court justified the sanctions on the basis of 28 U.S.C. § 1927 and its inherent authority.[1] We review the district court's decision to impose sanctions for an abuse of discretion, *see Barber v. Miller*, 146 F.3d 707, 709 (9th Cir.1998), and its findings of fact for clear error, *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir.2006). Sanctions under both the district court's inherent authority and § 1927 require a finding of recklessness or bad faith. *See Barber*, 146 F.3d at 711.

■ Although the district court found that the plaintiffs had engaged in bad faith by failing to dismiss Counts II, III, and IV prior to the filing of East Coast's motion for summary judgment, the record is devoid of any evidence supporting a finding of bad faith or recklessness. The plaintiffs' decision to not oppose summary judgment appears to be a reasonable trial strategy designed to narrow the issues for trial. The district court's finding of bad faith was clearly erroneous, and its imposition of sanctions on that basis was an abuse of discretion. We therefore reverse the district court's grant of sanctions.

## IV. CONCLUSION

We **AFFIRM** the district court's grant of summary judgment against the plain-

---

1. Although the district court relied in part on 28 U.S.C. § 1927 to impose sanctions, that statute only permits sanctions against *attorneys*. Yet the district court's order imposing sanctions only sanctioned the plaintiffs, *not* their attorneys. We do not need to reach the question of whether the district court erred in relying on this statute because sanctions imposed under § 1927 or under the court's inherent authority can only be imposed after a finding of bad faith, which we conclude was not justified in this case.

tiffs on the Sherman Act claim. We **AFFIRM** the injunction in all respects. We **REVERSE** the district court's imposition of sanctions on the plaintiffs.