NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL LIGHTNING PROTECTION CORPORATION, | No. 19-15440 |
| Plaintiff-Appellant, | D.C. No. 2:96-cv-02796-DLR |
| and | |
| HEARY BROS. LIGHTNING PROTECTION CO. INC.; LIGHTNING PREVENTOR OF AMERICA, INC., | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| EAST COAST LIGHTNING EQUIPMENT, INC., | |
| Defendant-Appellee, | |
| and | |
| LIGHTNING PROTECTION INSTITUTE; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted May 7, 2020
Portland, Oregon

Before:  WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,[**] District Judge.

National Lightning Protection Corporation ("NLPC") appeals a district court order finding that NLPC violated a 2005 injunction and permitting limited discovery into additional purported violations.  We dismiss the appeal for lack of jurisdiction.

1.      We do not have jurisdiction over this appeal under 28 U.S.C. § 1291, which gives us "jurisdiction of appeals from all final decisions of the district courts."  The district court did not impose a sanction for the violations of the injunction that it found, and discovery continues as to whether there are other violations.  Because "[f]urther proceedings remain in the district court that could result in a second appeal if the instant order is affirmed," *Weyerhaeuser Co. v. Int'l Longshoremen's & Warehousemen's Union, Local 21*, 733 F.2d 645, 646 (9th Cir. 1984) (order), the district court's decision is not final.  *See also id.* at 645 ("A contempt order is not a final order under 28 U.S.C. § 1291 prior to the imposition of sanctions.").

2.      We also lack jurisdiction under 28 U.S.C. § 1292(a)(1), which applies to interlocutory orders "modifying" an injunction.  The district court did not modify the 2005 injunction but instead merely interpreted it.  *See Pub. Serv. Co. of Colo. v.*

---

[**]      The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

*Batt*, 67 F.3d 234, 238 (9th Cir. 1995) (noting that the "court of appeals lacks jurisdiction over appeals of orders in which a district court merely enforces or interprets a previous injunction"). The 2005 injunction prohibited NLPC from advertising "explicitly or implicitly" that its ESE systems "protect open areas." The district court found that the list of customers on NLPC's website, which included outdoor stadiums, golf courses, and amusement parks, violated the injunction because the "implication from the list is that its system successfully protected the location where it was installed." In reaching this conclusion, the district court noted that the 2005 injunction explicitly prohibited implicit advertising and that this Court on direct appeal[1] had noted that it extends to truthful statements if used "to support claims that ESE systems . . . can protect open spaces." Because the district court's order, whether or not correct, was "pursuant to" the injunction, it did not constitute a modification. *Thompson v. Enomoto*, 815 F.2d 1323, 1327 (9th Cir. 1987); *see*

---

[1] NLPC claims that the 2005 injunction was modified on appeal to extend only to factually accurate statements that are directly used to support an untruthful statement. *See Heary Bros. Lightning Prot. Co. v. Lightning Prot. Inst.*, 262 F. App'x 815 (9th Cir. 2008). However, although the memorandum disposition indicated at one point that "we . . . modify the injunction," it never stated how the injunction was modified, later rejected "the plaintiffs' request to modify the language of the injunction," and concluded by affirming "the injunction in all respects." *Id.* at 816-18. The memorandum disposition also stated that the injunction prohibited "truthful advertising" used "to support" the claim "that ESE systems can protect open spaces," *id.* at 817, and did not, as NLPC claims, also state that such truthful advertising must explicitly, rather than implicitly, support that false claim.

*also Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) ("Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly.").

3. The district court also did not modify the injunction when it found that NLPC's statement on its website that its ESE air terminals are certified by Underwriters Laboratories ("UL") violated the injunction or when it allowed discovery into the conduct of a non-party, UL. The 2005 injunction expressly prohibited NLPC from advertising that its "air terminal product" is "accepted by Underwriters Laboratories" and applied on its face to "agents, employees, dealers, distributors . . . persons, partnerships, and corporations, in present or future active concern or participation with [NLPC]."

4. Because we lack jurisdiction over NLPC's appeal, we express no opinion about whether the district court erred in finding that NLPC violated the injunction. *See Thompson*, 815 F.2d at 1327.

**APPEAL DISMISSED.**

*National Lightning Protection Corporation v. East Coast Lightning Equipment, Inc.*, No. 19-15440

WATFORD, Circuit Judge, dissenting in part:

I agree with my colleagues on all but one issue. In my view, the district court modified the 2005 injunction when it prohibited NLPC from posting on its website a truthful list of the customers who have purchased its lightning protection system, known as an "early streamer emissions" or "ESE" system. We have jurisdiction to review NLPC's challenge to that aspect of the district court's order under 28 U.S.C. § 1292(a)(1), and I would reverse.

As my colleagues note, the 2005 injunction prohibited NLPC from stating, explicitly or implicitly, that its lightning protection system "can function effectively to protect open spaces." But when our court upheld the injunction in 2008, we made clear that it does not prohibit truthful statements concerning "the plaintiffs' experience with ESE systems," as long as such statements aren't used "to support claims that . . . ESE systems can protect open spaces." *Heary Bros. Lightning Protection Co. v. Lightning Protection Institute*, 262 F. App'x 815, 817 (9th Cir. 2008). With that clarification of the injunction's scope, we declined NLPC's request to formally modify the language of the injunction. *Id.*

NLPC's posting of a truthful list of its customers does nothing more than tout its "experience with ESE systems." The list of customers is not accompanied by any statement that could be read as implying that NLPC's system has been

*effective* in protecting open spaces. In fact, the customer list is not accompanied by any editorial statements whatsoever—not even a statement saying, "here's a list of our *satisfied* customers." It's just a list of customers who have purchased NLPC's product. The district court was thus mistaken in concluding that the mere posting of the list constituted a "claim" by NLPC that its system can protect open spaces, or an implied statement that "its system successfully protected the location where it was installed." The only implication that can fairly be drawn from the mere posting of the customer list is that *the customers* believed—presumably after conducting their own due diligence—that NLPC's system provided adequate protection for their locations such that, after taking into account price, they decided to purchase NLPC's system over competing systems on the market. That implied statement is not prohibited by the 2005 injunction as we construed it in 2008.

If a district court construes an injunction to prohibit conduct that was previously permitted, the court has obviously modified the injunction within the meaning of 28 U.S.C. § 1292(a)(1). *See Cunningham v. David Special Commitment Center*, 158 F.3d 1035, 1037 (9th Cir. 1998). In my view that is precisely what occurred here. So I would hold that we have jurisdiction to review the district court's order to the extent that it bars NLPC from merely posting on its website a truthful list of the customers who have purchased its product. And I would reverse that aspect of the district court's order because it conflicts with our

court's prior decision in this case by banning truthful advertising that poses no danger of misleading consumers. *See U-Haul International Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1042 (9th Cir. 1986). In all other respects, I agree with my colleagues' disposition of the appeal.