**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

SANDWICH ISLES
COMMUNICATIONS, INC.,

        Plaintiff - Appellant,

  v.

HAWAIIAN TELCOM INC.; STATE OF
HAWAII, Department of Hawaiian Home
Lands; MICHAEL KATZENSTEIN,
Trustee,

        Defendants - Appellees.

No. 23-3520

D.C. No.
1:22-cv-00426-JAO-KJM

MEMORANDUM[*]

---

CLEARCOM, INC.,

        Plaintiff - Appellant,

  v.

HAWAIIAN TELCOM INC.; STATE OF
HAWAII; MICHAEL KATZENSTEIN,

        Defendants - Appellees.

No. 23-3531

D.C. Nos.
1:22-cv-00426-JAO-KJM
1:22-cv-00428-JAO-KJM

---

WAIMANA ENTERPRISES, INC.,

        Plaintiff - Appellant,

No. 23-3536

D.C. Nos.
1:22-cv-00426-JAO-KJM

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| v. | 1:22-cv-00427-JAO-KJM |
| HAWAIIAN TELCOM INC.; STATE OF HAWAII; MICHAEL KATZENSTEIN, | |
| Defendants - Appellees. | |

| | |
|---|---|
| CINCINNATI BELL INC.; CLEARCOM, INC.; PA MAKANI, LLC, | No. 24-496 |
| Plaintiffs - Appellants, | D.C. Nos. 1:22-cv-00426-JAO-KJM 1:22-cv-00441-JAO-KJM |
| v. | |
| HAWAIIAN TELCOM INC.; STATE OF HAWAII; MICHAEL KATZENSTEIN, | |
| Defendants - Appellees. | |

| | |
|---|---|
| CLEARCOM, INC.; WAIMANA ENTERPRISES, INC.; PA MAKANI, LLC, | No. 24-502 |
| Plaintiffs - Appellants, | D.C. Nos. 1:22-cv-00426-JAO-KJM 1:22-cv-00434-JAO-KJM |
| v. | |
| HAWAIIAN TELCOM INC.; STATE OF HAWAII; MICHAEL KATZENSTEIN, | |
| Defendants - Appellees. | |

| | |
|---|---|
| WAIMANA ENTERPRISES, INC.; CLEARCOM, INC.; PA MAKANI, LLC, | No. 24-501 |
| Plaintiffs - Appellants, | D.C. Nos. 1:22-cv-00426-JAO-KJM 1:22-cv-00435-JAO-KJM |
| v. | |

2

23-3520

HAWAIIAN TELCOM INC.; STATE OF
HAWAII; MICHAEL KATZENSTEIN,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted October 7, 2024[**]
Honolulu, Hawaii

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

Plaintiffs Sandwich Isles Communications, Inc.; Clearcom, Inc.; and Waimana Enterprises, Inc. appeal the district court's order affirming various orders of the bankruptcy court. We have jurisdiction under 28 U.S.C. §§ 158 and 1291. When reviewing an appeal from a bankruptcy court, we review the bankruptcy court's decision independently and do not give deference to the district court's determinations. *Bunyan v. United States* (*In re Bunyan*), 354 F.3d 1149, 1150 (9th Cir. 2004). "The bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code are reviewed de novo." *Id.* We review the bankruptcy court's factual findings for clear error. *Hedlund v. Educ. Res. Inst. Inc.*, 718 F.3d 848, 854 (9th Cir. 2013). We review the bankruptcy court's interpretation of its own sale orders for abuse of discretion. *See Rosales v. Wallace* (*In re Wallace*), 490 B.R.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

898, 906 (B.A.P. 9th Cir. 2013) (holding that a reviewing court "accord[s] substantial deference to the bankruptcy court's interpretation of its own orders and will not overturn that interpretation unless we are convinced it amounts to an abuse of discretion" (citing *Hallet v. Morgan*, 296 F.3d 732, 739–40 (9th Cir. 2002))). We affirm.

The bankruptcy court did not abuse its discretion when it interpreted its own orders for sales—from Sandwich Isles Communications to the Trustee, and from the Trustee to Hawaiian Telecom—to include, as one of the purchased assets, an interest in License No. 372, a license to provide telecommunications service on the Hawaiian Home Lands ("the License"). *See In re Wallace*, 490 B.R. at 906. To the extent that Plaintiffs argue that the sales did not include the License, we reject that argument because the record contains convincing evidence supporting the bankruptcy court's interpretation. *See Or. Nat. Res. Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995), *as amended on denial of reh'g* (June 29, 1995) (holding that a court abuses its discretion when the record contains no evidence to support its decision). For example, the settlement agreement defines the transferred property rights as specifically including Sandwich Isles Communications' interest in the License.

To the extent that Plaintiffs challenge the underlying sales on their merits, arguing, for example, that the debtor obtained only a right to use the License, or

that state law prohibited the transfer to buyer Hawaiian Telecom, those arguments are an impermissible collateral attack on the underlying sale orders, which were not timely appealed. We therefore decline to consider those arguments.[1] *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152, 154 n.7 (2009) (explaining that the bankruptcy court's order became res judicata once it became final on direct review); *Robertson v. Isomedix, Inc.* (*In re Int'l Nutronics, Inc.*), 28 F.3d 965, 970 (9th Cir. 1994) (holding that "a bankruptcy court's order confirming a sale has preclusive effects").

Clearcom's appeal of the bankruptcy court's April 22, 2022, order was timely, because that order was not final when it was entered. *See, e.g., SEC v. Elmas Trading Corp.*, 824 F.2d 732, 732 (9th Cir. 1987) ("Orders of civil contempt entered against a party during the course of a pending civil action are not appealable until final judgment."); *Donovan v. Mazzola*, 761 F.2d 1411, 1416–17 (9th Cir. 1985). On the merits, we conclude that the bankruptcy court did not clearly err in finding that the spare reels were property of the bankruptcy estate of Paniolo Cable Company LLC, and did not abuse its discretion in finding that Plaintiffs violated the bankruptcy court's prior turnover order. *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (stating standard of

---

[1] For the same reason, we also decline Sandwich Isles Communications' request that we certify a question to the Hawaii Supreme Court.

review and standard for finding a party in civil contempt). Both there and here, Clearcom failed to identify convincing evidence showing that the reels belonged to it and, instead, lodges only conclusory and unsupported assertions of ownership.

Plaintiffs assert with respect to adversary proceeding No. 22-90008, which alleged state-law tort claims, that the underlying sale orders did not transfer an interest in the License. For the reasons stated above, we disagree. In their opening briefs, Plaintiffs otherwise provide no argument that the bankruptcy court erred in concluding that res judicata barred that adversary proceeding. To the extent that the reply briefs can be interpreted to assert alternative arguments, we do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations made for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). Accordingly, any such arguments are forfeited. *See, e.g., Terpin v. AT & T Mobility LLC*, No. 23-55375, 2024 WL 4341368, at *5 (9th Cir. Sept. 30, 2024) (holding that an appellant forfeits an argument by failing to raise it specifically and distinctly in the opening brief).

We have carefully reviewed and considered all the arguments made in favor of reversal, and we see no reversible error.

**AFFIRMED.**